UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE: APPLICATION OF CALIFORNIA STATE TEACHER'S RETIREMENT SYSTEM FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING | Civil Action No. 19-16458 (FLW)(DEA)<br>**ORDER** |

This matter comes before the Court on a Motion to Stay Enforcement of Order Granting Ex Parte Application for Leave to Obtain Discovery for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 and Directing Compliance with Subpoena Pending Appeal [ECF No. 21], filed by Respondent Novo Nordisk ("Novo US"). Petitioner California State Teachers Retirement System ("CalSTRS") filed a Brief in Opposition [ECF No. 23], and Novo US filed a subsequent Reply [ECF No. 26]. For the reasons set forth below, Novo US's Motion to Stay [ECF No. 21] is **GRANTED**.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 7, 2019, CalSTRS sought an Order pursuant to 28 U.S.C § 1782 granting leave to obtain discovery for use in a foreign proceeding ("Application")(ECF No. 1-3), seeking documents from Novo US, a Delaware corporation headquartered in Plainsboro, New Jersey, in connection with foreign proceedings pending in the Golstrup District Court, a Danish tribunal, between CalSTRS and Novo Nordisk A/S, ("Nordisk"), a Danish company. Having reviewed CalSTRS's Application [ECF No. 1], the two letters [ECF Nos. 7 and 11] submitted by Novo US, and CalSTRS's reply letter [ECF No. 8], the Court granted CalSTRS's Application on September 20, 2019. *See* ECF No. 13. In so doing, the Court found that CalSTRS's Application met all three requirements of § 1782. ECF No. 13 at 9. The Court also found that the *Intel* factors weighed in

favor of granting the Application. Id. at 10. After the Court's Order [ECF No. 13] was entered, CalSTRS filed a Certificate of Service with the Court, demonstrating that CalSTRS had served Novo US with several filings from this action, including the Court's Order [ECF No. 13] granting the Application. Novo US then filed a Motion for Reconsideration and to Quash Subpoena [ECF No. 18]. On May 13, 2020, the Court entered an Order [ECF No. 20] denying Novo US's Motion for Reconsideration and to Quash Subpoenas. On May 22, 2020, Novo US filed this Motion to Stay pending the appeal of the Court's Orders [ECF Nos. 13 and 20].

## II.   LEGAL STANDARD

"A stay of a civil proceeding is an extraordinary remedy." *Haas v. Burlington Cty.*, 2009 WL 4250037, at *2 (D.N.J. 2009) (*citing Walsh Securities, Inc. v. Cristo Property Management, Ltd.*, 7 F.Supp.2d 523, 526 (D.N.J.1998). Still, it is well established that a court has discretion to stay a proceeding where "the interests of justice...require such action." *United States v. Kordel,* 397 U.S. 1, 12 n.27 (1970). The Supreme Court has stated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants," and the court will "weigh competing interests and maintain an even balance" when making such a determination. *Landis v. North American Co.,* 299 U.S. 248, 254–55 (1936) (internal citations omitted); *see also In re Fine Paper Antitrust Litigation,* 685 F.2d 810, 817 (3d Cir.1982).

The Third Circuit has stated that "before granting the extraordinary remedy of a stay pending appeal, courts consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Republic of Philippines v. Westinghouse Elec.*

*Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). "The party seeking the stay bears the burden of showing that it is warranted." *Nicolas v. Trustees of Princeton Univ.*, 2017 WL 6514662, at *2 (D.N.J. Dec. 20, 2017); *see also Conestoga Wood Specialities Corp. v. Sec'y of U.S. Dep't of Health & Human Servs.*, No. 13-1144, 2013 WL 1277419, at *1 (3d Cir. 2013) (*citing N.J. Hosp. Ass'n v. Waldman,* 73 F.3d 509, 512 (3d Cir. 1995).

### III. ARGUMENTS

#### a. Novo US's Arguments

##### i. Novo US and Nordisk Will Suffer Irreparable Injury Unless the Court Enters an Order Staying This Action.

Novo US explains that courts are required to consider the harm to each party involved in an action when determining whether to stay a proceeding. ECF No. 21-1 at 9. Novo US argues that if the Court does not enter a stay, Novo US and Nordisk will suffer irreparable harm, whereas CalSTRS will not be harmed. *Id.* Novo US contends that absent a stay, it will be required to produce large amounts of discovery that CalSTRS is not entitled to obtain. *Id.* at 10. Novo US argues that CalSTRS is not entitled to the information sought by CalSTRS's Subpoena because the information is impermissible under Danish law. *Id.* Novo US claims that even in the event of a subsequent appellate decision quashing the Subpoena, the harm caused by disclosure of this information to CalSTRS is irreversible. ECF No. 26 at 1. The insight gained from reviewing the information cannot be able to be "wiped from [CalSTRS's] memory." ECF No. 21-1 at 10. Thus, Novo US claims that without a stay it has essentially lost "its right to meaningfully appeal." *Id.*

Novo US also argues that confidentiality and limited dissemination of the information sought are immaterial when evaluating the potential harm caused by disclosure of the information sought by CalSTRS. ECF No. 26 at 5-6. Novo US contends, contrary to CalSTRS's arguments, that some of the information sought is confidential because it relates to trade secrets and other

3

sensitive commercial information. *Id.* at 2. Further, Novo US argues that the information sought does not have to be confidential to cause harm to Novo US. *Id.* at 5-6. Novo US claims it will be harmed simply by the fact that CalSTRS will obtain information it is not entitled to obtain under Danish law. *Id.* Novo US rejects CalSTRS's contention that Novo US is required to specify the information that, if disclosed, would be harmful. *Id.* at 6. Novo US argues that CalSTRS cites no legal authority for this contention. However, Novo US also cites no law or rule for its opposite contention. *Id.*

Novo US also argues that because the scope of discovery in the foreign tribunal is much more limited than the scope of discovery in the United States, Nordisk will be harmed in the Danish litigation. *Id.* at 11-12. Novo US contends that allowing CalSTRS to seek broad discovery that is impermissible in Denmark to frame its pleadings in that Danish litigation will be harmful to Nordisk. *Id.*

CalSTRS argues that the harm posed to Nordisk is not to be evaluated when determining whether to stay this proceeding. ECF No. 23 at 2. Novo US responds by arguing that the third *Westinghouse* factor focuses on the harm to others that have an interest in the litigation. ECF No. 26 at 3 n. 2. Novo US also explains that the Private Securities Litigation Reform Act of 1995 ("PSLRA") prohibits the discovery sought by CalSTRS. *Id.* Having concluded that Novo US's arguments regarding the PSLRA are not entirely relevant to the instant Motion, the Court will not address those arguments.

Novo US contends that a stay will not harm CalSTRS. *Id.* at 13. In fact, Novo US argues, CalSTRS has actively sought to delay the Danish litigation. *Id.* at 14. Novo US states the stay of the Danish litigation, sought by CalSTRS, and pendency of this action has spanned several months, and CalSTRS has not complained of any delay. *Id.* Novo US notes that a stay of this action will

not prevent the Danish litigation from progressing. *Id.* Further, Novo US cites CalSTRS's Brief in Opposition [ECF No. 19] to Novo US's Motion for Reconsideration [ECF No. 18], explaining that CalSTRS sought a stay in the Danish litigation not only pending the resolution of its § 1782 Application, but also "any appeals thereof." ECF No. 26 at 7; ECF No. 19-2 at 2. Thus, Novo US argues, the second and third factors the Court must consider when determining whether to grant a stay, weigh in favor of staying this action. *Id.*

### ii. Novo US Has a Likelihood of Success on Appeal

In this Motion, Novo US summarizes the facts, authorities, and arguments it relied upon in opposing CalSTRS's Application and in its Motion for Reconsideration. *Id.* at 15. The Court and the parties are fully familiar with those facts, authorities, and arguments, so the Court need not reiterate or discuss them in detail here. In sum, Novo US argues that the Court erred in its decision to grant CalSTRS's Application and in denying Novo US's Motion for Reconsideration. Specifically, Novo US argues that the Court erred in its analysis of the second statutory requirement of § 1782, the first and third *Intel* factors, and of Novo US's alternative argument to quash CalSTRS's Subpoena. *See Id.* at 14-20.

In its Reply [ECF No. 26], Novo US contends that CalSTRS's argument related to the first *Westinghouse* factor relies on the "erroneous premise" that the Orders [ECF No. 13 and 20] will be reviewed for clear error on appeal. ECF No. 26 at 7. Novo US argues that the standard on appeal is *de novo*. *Id.* Further, Novo US appears to contend that the standard of review on appeal is not the standard under which the Court should evaluate Novo US's likelihood of success on appeal. *Id.* Rather, Novo US argues, in determining whether to stay an action pending an appeal requires the Court to consider whether reasonable jurists might disagree. *Id.* Lastly, Novo US argues that CalSTRS places too much weight on the likelihood of success on the merits factor. *Id.* at 8. Novo

5

US contends that the four factors the Court considers when determining whether to issue a stay are weighed equally by the Court and that no single factor is dispositive. *Id.*

### iii. The Public Interest Favors a Stay

Novo US argues that "comity between the United States and foreign jurisdictions and respect for their judicial systems, procedures, and discovery rules" weighs in favor of staying this action. *Id.* at 20. Novo US explains that the purpose of § 1782 is to aid in the "mutual cooperation among nations." ECF No. 26 at 12. To further cooperation among nations, Novo US argues that U.S. Courts must respect the discovery limitations under Danish law. *Id.* Novo US argues that allowing CalSTRS to obtain information through this Court creates "an end-run around Danish restrictions on discovery protections afforded to [Novo Nordisk] under Danish law." *Id.* at 12. Again, Novo US contends that CalSTRS filed this Application to seek information that could not be obtained in the Danish litigation. *Id.* at 13. Thus, Novo US argues, the public interest factor weighs in favor of staying this action to ensure that CalSTRS does not circumvent Danish law and, on a broader scale, to ensure that the U.S. does not become a "clearing house" for discovery that exceeds the limitations of foreign tribunals. *Id.*

In sum, Novo US argues all four *Westinghouse* facts weigh in favor of staying this action pending the appeal of the Court's Orders [ECF No. 13 and 20]. ECF No. 21-1 at 1-2. Novo US claims that it will suffer irreparable harm, while a delay in these proceedings will not harm CalSTRS. *Id.* at 9. Novo US claims that it has shown a strong likelihood of success on appeal, but even if it has not, that does not end the inquiry on whether to impose a stay. *Id.* at 14. Lastly, Novo US argues that staying this action serves the public interest because a stay will protect the "integrity of Denmark's judicial system, laws and rules." *Id.* at 1.

### b. CalSTRS's Arguments

CalSTRS argues that Novo US has failed to meet its burden, and thus this Motion should be denied. ECF No. 23 at 6. CalSTRS contends that Novo US is unable to demonstrate that it will suffer irreparable harm if this action is not stayed nor is Novo US likely to succeed on appeal. *Id.*

#### i. The Court's Orders Were Not Erroneous, and Novo US Has Not Shown a Likelihood to Succeed on the Merits.

CalSTRS cites several cases for the contention that the standard applied in this District when reviewing an Order granting a § 1782 Application CalSTRS is "clearly erroneous or contrary to law." *Id.* at 7. CalSTRS argues that Novo US has not shown that the Court's Orders [ECF No. 13 and 20] were clearly erroneous and thus cannot show a likelihood to succeed on appeal. *Id.* "Under such a clear error standard, the reviewing court may reverse only if it is 'left with the definite and firm conviction that a mistake has been committed.'" *Id.* (citing *In re Michael Kors*, 2016 WL 4472950 at *2). "[S]imple disagreement with a [M]agistrate [J]udge's decision is not sufficient." *Id.*

CalSTRS argues that Novo US cannot show that the Court was clearly erroneous in its finding related to the second statutory requirement of § 1782. *Id.* at 7. CalSTRS explains that this Court clearly found in its Orders [ECF Nos. 13 and 20] granting CalSTRS's Application, and denying Novo US's Motion for Reconsideration, that CalSTRS had met the second statutory requirement. *Id.* at 8. The Court found that the discovery requested is "for use" in a foreign tribunal because CalSTRS seeks the information requested to amend its pleadings in a Danish court and that the requested information would likely aid CalSTRS in evaluating the potential merits of its claim. ECF No. 13 at 9-10; ECF No. 20 at 2, 14-17. CalSTRS argues that despite the Court's rejection of Novo US's argument that the Danish complaint is an inadequate placeholder, Novo US contends that it will succeed on appeal based on this argument. ECF No. 23 at 8. CalSTRS

disagrees because Novo US has not shown any new evidence or factual or legal argument on this issue to rebut the Court's findings. *Id.*

Novo US contends that CalSTRS should seek discovery from Nordisk in the Danish litigation before seeking the same information from Novo US, a non-party to that litigation. ECF No. 21-1 at 15. As such, Novo US argues that the Court's findings related to the second statutory factor are erroneous. *Id.* at 15-17. CalSTRS argues that it is irrelevant whether it has sought discovery from Nordisk in the Danish litigation because neither party presently has discovery rights in the Danish litigation. ECF No. 23 at 9. Thus, CalSTRS argues, the Court was not clearly erroneous with respect to its findings on the second statutory requirement, and Novo US is not likely to succeed on appeal. *Id.*

CalSTRS further argues that the Court was not erroneous in its analysis of the first and third *Intel* factors. *Id.* CalSTRS notes that Novo US repeats arguments on the first and third *Intel* factors twice rejected by this Court. *Id.* at 10. CalSTRS explains that "[h]ow a different court 'might' exercise its discretion on different facts does not demonstrate that this Court's findings on CalSTRS's application were clearly erroneous, especially when grounded in controlling Third Circuit and Supreme Court precedent." *Id.* at 11. Thus, CalSTRS contends that Novo US is not likely to succeed on the merits with respect to its arguments on the first and third *Intel* factors.

### ii. Novo US Has Not Shown Irreparable Harm

CalSTRS argues that the Court need not reach this factor because Novo US cannot show a likelihood to succeed on the merits on appeal. *Id.* Even still, CalSTRS argues, Novo US cannot demonstrate that it will be irreparably harmed. *Id.* CalSTRS contends that irreparable harm must arise from an actual and imminent injury, not a speculative injury. *Id.* CalSTRS argues that Novo US has not articulated a specific document or disclosure that would cause it irreparable harm. *Id.* at 12. CalSTRS argues that Novo US merely claims that producing large amounts of allegedly

impermissible information will cause irreparable harm. *Id.* CalSTRS claims that Novo US needs to be more particularized in its description of harm than simply stating that once CalSTRS obtains certain information, it cannot "unsee" that information. *Id.* CalSTRS states that Novo US also does not explain whether the information sought is confidential or privileged. *Id.* at 13.

CalSTRS also argues that the alleged harm complained of is a speculative, procedural harm to Nordisk in the Danish litigation, not to Novo US. *Id.* As such, Novo US cannot show that it will be irreparably harmed by not staying this proceeding. *Id.*

### iii. A Stay Will Cause Delay, Harming CalSTRS and is Against the Public Interest

CalSTRS argues that Novo US's Motion to stay this action pending appeal is an attempt to delay production of the documents sought by CalSTRS. *Id.* at 13, 15. Even though CalSTRS sought a stay in the Danish litigation, that does not negate the harm to CalSTRS caused by the delayed production of documents here. *Id.* at 15. Further, CalSTRS contends that the appeal and stay sought in this action are for the purpose of obtaining a procedural advantage in the Danish litigation, which is harmful to CalSTRS. *Id.*

CalSTRS also argues that entering a stay is against public interest. *Id.* at 16. CalSTRS explains that delaying its "efforts to buttress the claims that it and other public pension funds brought against [Nordisk]" is against public interest because Nordisk has allegedly misled investors about the effectiveness of its insulin products sold in the United States and marketed by Novo US. *Id.* CalSTRS claims such misrepresentations caused significant losses for investors. *Id.* Thus, CalSTRS contends that the harm caused by staying this action and affording Novo US and Nordisk a procedural advantage in the Danish litigation is against public interest. *Id.*

## IV. ANALYSIS

As the party seeking a stay in this action, Novo US has the burden to show that the *Westinghouse* factors weigh in its favor. First, the Court will evaluate whether Novo US has made a strong showing that it is likely to succeed on appeal. CalSTRS and Novo US disagree on what standard of review applies to an appeal of a Magistrate Judge's decision on a § 1782 Application. Novo US contends that the matters addressed in the Court's Orders [ECF No. 13 and 20] are dispositive. ECF No. 26 at 8. As such, Novo US argues that under Local Civil Rule 72.1(a)(2), the Orders are subject to a *de novo* standard of review. *Id.* CalSTRS argues that a Magistrate Judge's Order on a § 1782 Application is not dispositive and thus subject to the clear error standard of review. ECF No. 23 at 6-7.

There is no clear agreement among the courts as to whether decisions on § 1782 Applications are dispositive or non-dispositive. Novo US cites *In re Application*, to argue that a *de novo* standard should be applied. ECF No. 26 at 9. However, in *In Re Application*, the Court expressed uncertainty as to which standard should be applied and applied a *de novo* standard because the Magistrate Judge's decision was styled as a Report and Recommendation. *In re Application for Foreign Discovery for Use in Foreign Proceeding Pursuant to 28 U.S.C. § 1782*, No. 17-4269-KM-JBC, 2019 WL 168828, at *4 (D.N.J. Jan. 10, 2019). CalSTRS cites several cases from this District wherein the District Judge applied a clear error standard of review. *See In re Appl. of Michael Kors, L.L.C.*, 2016 WL 4472950, at *2 (D.N.J. Aug. 23, 2016); *In re Appl. of Kate O'Keeffe*, 2015 WL 5039723, at *1-2 (D.N.J. Aug. 26, 2015); *In the Appl. of Oxus Gold PLC*, 2007 WL 1037387, at *2 (D.N.J. Apr. 2, 2007).

While not universal, it appears that this District generally applies a clear error standard of review to a § 1782 Application. *See In re Appl. of Michael Kors, L.L.C.*, 2016 WL 4472950, at *2

10

(D.N.J. Aug. 23, 2016); *In re Appl. of Kate O'Keeffe*, 2015 WL 5039723, at *1-2 (D.N.J. Aug. 26, 2015); *In the Appl. of Oxus Gold PLC*, 2007 WL 1037387, at *2 (D.N.J. Apr. 2, 2007); *In re Cal. State Teachers' Ret. Sys.*, No. 16-4251 (SRC), 2017 U.S. Dist. LEXIS 50926 (D.N.J. 2017). Further, non-dispositive rulings are "entitled to great deference and [are] reversible only for abuse of discretion." *In re Oxus Gold*, at *5 (citing *Kresefsky v. Panasonic Communs. & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996).

Novo US also cites two cases from the Western District of Pennsylvania and Eastern District of Pennsylvania and a case from the Southern District of Florida for its contention that a stay is appropriate where reasonable minds differ on the issue being appealed. ECF No. 21-1 at 14-15. Case law from this District routinely cites *Revel AC* for guidance on analyses of the likelihood of success factor.

In *Revel*, the Third Circuit addressed one of the issues presented here, "[j]ust how strong of a merits case must a stay applicant show?" *Revel AC, Inc. v. IDEA Boardwalk LLC*, 802 F.3d 558, 568 (3d Cir. 2015). The Third Circuit answered by explaining that "'formulation used to describe the *degree* of likelihood of success that must be shown' vary widely." *Id.* (citing *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002). The Third Circuit instructed that the analysis of the factors "…should proceed as follows. Did the applicant make a sufficient showing that (a) it can win on the merits (significantly better than negligible but not greater than 50%)…" *Id.* at 571. Thus, the Court looks here to determine whether Novo US has a significantly better than negligible chance to succeed on appeal. While the Court believes that the District Court will not find that this Court clearly erred in its Orders [ECF No. 13 and 20], the Court concedes there is a more than a negligible chance that the District Judge could find that the Court abused its discretion and erred. Because the analysis involved in deciding a § 1782 Application includes the

11

discretionary evaluation of factors, the Court finds that reasonable jurists could differ on the issues Novo US seeks to appeal. Thus, under the standard described in *Revel*, the Court finds that the likelihood of success on appeal factor weighs in Novo US's favor.

Second, the Court evaluates whether Novo US will suffer irreparable injury absent a stay. Novo US argues that the impermissible production of large quantities of information will cause irreparable harm. Novo US claims that once the information is shared with CalSTRS, the information cannot be recaptured and will unfairly advantage CalSTRS. CalSTRS rebuts Novo US's argument by explaining that Novo US has not specifically explained why disclosure of information sought would be harmful. However, Novo US claims in its Reply [ECF No. 26] that the information sought includes trade secrets and other confidential information. The Court finds that Novo US could suffer irreparable harm if, on appeal, this Court's decision is overturned, and it has already produced the information to CalSTRS. Since Novo US's production could effectively be mooted, the Court does not find it prudent to require production before the outcome of the Novo US's appeal of the Court's Orders [ECF Nos. 13 and 20] is determined.

Third, the Court considers whether staying this action will substantially injure CalSTRS's interests in the proceeding. The Court finds that a stay will not substantially injure CalSTRS's interests in this proceeding. As Novo US noted, this proceeding has been pending since October 2019 without complaint from either party as to any sort of "delay." Further, CalSTRS sought a stay in the Danish litigation and thus shown that it will not be harmed by further delay.

The Court also finds that the public interest lies with staying this action. The Court stands by its finding that CalSTRS's Application does not amount to a circumvention of the limits of Danish discovery rules. However, if the Court's findings are overturned on appeal, it is not in the

broader interest of cooperation with foreign tribunals to allow parties to engage in discovery that might later be found impermissible on appeal.

Lastly, the Court finds that it is in the interest of judicial economy to stay this action. Novo US has indicated its intent to appeal the Court's Orders [ECF No. 13 and 20] to the District Court[1] and is prepared to appeal an unfavorable decision to the Third Circuit. ECF No. 21-1 at 2. Rather than engage in further motion practice and discovery while an appeal is pending, the Court finds that it is more efficient and economical to stay this proceeding.

## V.     CONCLUSION

Having considered the factors in determining whether to stay this action, the Court finds that the factors weigh in favor of staying this action pending Novo US's appeal of the Court's Orders [ECF Nos. 13 and 20].  Accordingly,

**IT IS** on this 19th day of June 2020,

**ORDERED** that Respondent Novo US's Motion to Stay [ECF No. 21] is **GRANTED**; and it is further

**ORDERED** that this Order **terminates** ECF No. 21.

s/ <i>Douglas E. Arpert</i><br>
**DOUGLAS E. ARPERT**<br>
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Such an appeal was filed on June 18, 2020. *See* ECF No. 27.