

July 10, 2020

<u>Via: ECF</u>
Hon. Freda L. Wolfson, Chief U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

    Re:    ***California State Teachers Retirement System, v. Novo Nordisk, Inc.***
             **Docket No. 3:19-cv-16458 (FLW)(DEA)**

Dear Chief Judge Wolfson:

      As the Court is aware, I represent California State Teachers Retirement System ("Applicant") in connection with the above Action. The case is simple: Applicant brought this action to obtain discovery for a pending lawsuit in Denmark. This Court has twice ordered the discovery. Novo Nordisk, Inc. ("Respondent") has been prolific in filing strategic motions and applications to do nothing more than run up Applicant's costs and delay production of Court-ordered discovery just long enough to prejudice Applicant in the pending Danish action.

      Although our opposition to Respondent's appeal of Magistrate Judge Arpert's two decisions granting discovery and a cross motion to vacate the stay pending appeal were approved by Applicant's Danish and Massachusetts counsel, and sent to me by email by 5:43 p.m. on July 6th, we nevertheless filed them the next morning, a few hours late. That was because of the flash floods on July 6th and the power failure in my town in Bergen county prevented my access to the internet to upload the papers to ECF. In addition, my cell phone died (I have no landline). I could not call anyone. There is another personal matter, a family medical issue, that prevented me from taking extraordinary measures of leaving home to seek to file the papers remotely and I am happy to present it to the Court in person or by phone, but I do not wish to make it a matter of public record through publication on ECF.

      I was surprised and disheartened to receive Respondent's motion to strike our filing. I was surprised because I had received no request for a meet and confer ahead of that filing. I was disheartened because Respondent's counsel, Mr. Griffinger, is a good lawyer and a decent person. He may be forced by his client or their instructing-counsel to engage in this burdensome and unnecessary motion practice. I never, in my 25 years of practice, imagined that any lawyer, especially not Mr. Griffinger, would move to strike papers filed a few hours late - - especially once he became aware of the circumstances. But, again, I assume Mr. Griffinger is only following instructions.

Case 3:19-cv-16458-FLW-DEA   Document 31   Filed 07/10/20   Page 2 of 2 PageID: 613



Hon. Freda L. Wolfson, Chief U.S.D.J.
July 10, 2020
Page 2

  I spoke to Mr. Griffinger and explained that there was no intentional delay in our filing of Applicant's papers.  He first agreed to withdraw his motion and propose a stipulated briefing schedule for our motion to vacate the stay.  But then he came back later in the day to condition that stipulation on public disclosure of the above issues, some of which I am not willing to publicly make (again, once the court hears them, it will understand). Finally, he removed that requirement and made other unnecessary and onerous demands. I simply proposed that we stipulate to the withdrawal of his motion and set a new briefing schedule. Nothing more, nothing less.  In our discussion, Mr. Griffinger identified no prejudice to his client due to the few hours delay in his receipt of our papers.  Even he admitted that he does not need more time to respond.

  It would be unconscionable under any circumstance to strike Applicant's response to the appeal and cross-motion to vacate the stay due to a few hours delay in filing, let alone during a national emergency, a pandemic, and an unprecedented relaxation of deadlines.  Respondent knows it.  The motion to strike simply tactical and is unfortunate.  I was embarrassed to explain to my client that Respondent's counsel filed this motion and only agreed to withdraw it if I publicly disclosed very personal information.

  We would never - - ever - - deny a reasonable extension to counsel.  They can have the extra 12 hours to respond to our papers if they need it.  For that matter, they can have the 2 weeks they requested as alternative relief.  Whatever the Court deems appropriate.  But Respondent also knows that this court is already over-burdened and its motion really seeks to further extend the time necessary for this Court to decide the underlying issues.  And that is what this is really about.

  We simply and respectfully request that the Court administratively terminate Respondent's motion to strike and move the case forward.  In the absence of guidance from the Court, we will file more formal opposition papers by the July 20th deadline.

  As always, the Court's time and attention to this matter are greatly appreciated.

            Respectfully,

            LAW OFFICE OF N. ARI WEISBROT LLC

            By: _____
              Nathaniel  A. Weisbrot

cc: All Counsel of Record (Via ECF)
Weisbrot Law
1099 Allessandrini Avenue, New Milford, New Jersey 07646
370 Lexington Avenue, Suite 2102, New York, New York 10017
: www.weisbrotlaw.com  : 201.788.6146 : aweisbrot@weisbrotlaw.com :