

Michael R. Griffinger
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4701 Fax: 973-639-6294
mgriffinger@gibbonslaw.com

July 13, 2020

**VIA ECF**

The Honorable Freda L. Wolfson, U.S.D.J.
United States District Court
Clarkson S. Fisher Building and U.S. Courthouse
402 East State Street, Courtroom 5E
Trenton, New Jersey 08608

> Re: In re: Application of California State Teachers' Retirement System for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave To Obtain Discovery for Use in a Foreign Proceeding, No. 3:19-16458 (FLW) (DEA)

Your Honor:

This law firm represents Novo Nordisk, Inc. ("NNI") in the above-referenced matter. We write in response to the letter filed by counsel for California State Teachers Retirement System ("CalSTRS"), Mr. Ari Weisbrot, on July 10, 2020 (ECF No. 31). Although we regret to burden the Court with another submission on this matter, I am compelled to correct the record on a number of points.

On June 18, 2020, NNI filed its appeal of two Orders issued by Judge Arpert. ECF No. 27. The appeal has a return date of July 20, 2020, which means that CalSTRS's opposition was due on July 6, 2020. Notably, NNI filed its motion eight days earlier than was necessary, giving CalSTRS an extra eight days to prepare and file its response. CalSTRS did not file its response on July 6. Instead, CalSTRS filed its response (an opposition and cross-appeal) at around noon on July 7, 2020. ECF No. 29. For reasons unknown, the filing was styled as a "motion to compel." Mr. Weisbrot did not contact me or any of my co-counsel, either by phone or email, to seek extra time, or even to let us know his filing would be delayed, at any time prior to filing the opposition and cross-appeal. Had he done so, NNI's Motion to Strike would not have been necessary. I certainly would have accommodated an extension request, had any been made, as I have done throughout my career.

NNI filed its Motion to Strike on July 8, 2020. ECF No. 30. On the morning of July 9, 2020, Mr. Weisbrot contacted me by phone. He threatened that if NNI did not withdraw its Motion to Strike, he would file a letter with the Court that would "embarrass" me and that he would seek sanctions. He represented to me that he was unable to file his opposition and cross-appeal on-time because of a power outage at his home resulting from a thunderstorm, and as a result of the family medical issue he references in his letter. He told me that he we was unable to contact me to seek an extension or to notify us that his filing would be late because his cell phone ran out of power.

In reliance on Mr. Weisbrot's representations, I agreed to enter into a stipulation that would: (i) give NNI until July 27, 2020 to file its response to CalSTRS's opposition and cross-

GIBBONS P.C.

The Honorable Freda L. Wolfson, U.S.D.J.
July 13, 2020
Page 2

appeal—an extension this District's Local Rules contemplate in any event—and (ii) moot NNI's Motion to Strike. With that, I thought the matter was well on its way toward resolution. I was wrong.

My firm prepared a draft stipulation and, later that day, my colleague emailed it to Mr. Weisbrot for his review and approval. The draft stipulation was innocuous. It memorialized the date CalSTRS's opposition was due, the date it was filed, and the reasons Mr. Weisbrot had identified to me over the phone for the late filing. But, Mr. Weisbrot refused to accept it. He responded with a revised proposed stipulation. He noted in his cover email an objection to disclosing his family medical issue. However, his revised stipulation proposed a number of additional changes for which no explanation was offered. Specifically, the removal of any acknowledgement that Mr. Weisbrot's filing was late, and any recitation of the reasons he had identified for that late filing (i.e., the reasons his neglect might be excusable).

We were, of course, willing to remove from the stipulation any reference to a medical issue. However, we believed it appropriate that the stipulation memorialize that CalSTRS's filing was late (to avoid any suggestion that NNI's Motion to Strike was not validly grounded) and we believed it necessary to memorialize the reasons Mr. Weisbrot had identified for his late filing (other than the medical issue) so as to enable this Court to sign an order accepting it. As the Court is aware, and as NNI made clear in its Motion to Strike, absent a showing of excusable neglect, the Court lacks discretion to accept a late filing where no extension request has been made before its due date. *Drippe v. Tobelinski*, 604 F.3d 778, 784 (3d Cir. 2010) ("[T]here is no discretion to grant a post-deadline extension absent a motion and showing of excusable neglect.").

Thus, we sent Mr. Weisbrot another proposed stipulation. That proposed stipulation is attached as **Exhibit A** to this letter. As the Court will observe, there is no statement in that document that Mr. Weisbrot has not himself publicly disclosed in his letter to the Court. And, when we spoke on the morning of July 9, Mr. Weisbrot told me he planned to include each of those statements, and more, in a public filing. Mr. Weisbrot's response to that document was as unexpected as it was unpleasant. Instead of the consent we were expecting, Mr. Weisbrot responded as follows:

"Nah. I[']ll give you 60 minutes to accept my proposed language. Then, I will file my own letter motion and seek sanctions. Let me know."

To borrow a phrase from Mr. Weisbrot, I was surprised and disheartened to receive this email. I am proud of the reputation this bar has established for congeniality and civility and I have come to expect much better of its members than threats of sanctions and ultimatums in response to civil discourse. The complete chain of communications with Mr. Weisbrot (redacted to omit one medical detail Mr. Weisbrot has not disclosed) is attached as **Exhibit B** to this letter.

As is evident from the attached, Mr. Weisbrot's representations to this Court that we refused to moot the Motion to Strike unless he "disclosed very personal information" or that we

2841113.1 107916-101603

GIBBONS P.C.

The Honorable Freda L. Wolfson, U.S.D.J.
July 13, 2020
Page 3

conditioned mooting the motion on "other unnecessary and onerous demands" are simply, and indisputably, false.  There is not a single word in our proposed stipulation that Mr. Weisbrot has not himself disclosed.  And, Mr. Weisbrot has yet to identify for us any aspect of our proposed stipulation that is inaccurate, that would reveal personal information, that is unnecessary, or that is onerous.  Mr. Weisbrot's refusal to consent to its entry, and his unfortunate vitriol in response to it, remains a complete mystery to us.  As is also evident from the attached, Mr. Weisbrot's actual communications with us are markedly different than his letter to this Court suggests.

      Nor is this the first time Mr. Weisbrot's communications with us have been unreasonable and discourteous.  In fact, Mr. Weisbrot's very first email introducing himself threatened sanctions for contempt and a motion seeking fees.  After NNI filed its motion to stay Judge Arpert's Orders pending appeal, Mr. Weisbrot took the position that he could compel compliance with those orders even while a motion to stay them was pending.  In response to a request for authority to the contrary, we sent him an email identifying eleven cases supporting our position.  He responded that he is "notoriously impatient with long emails that don't answer the question."  A copy of that email correspondence, which includes Mr. Weisbrot's introductory email threatening sanctions for contempt and a motion seeking fees, is attached as **Exhibit C** to this letter.

      In sum, we have done all that we can to negotiate with Mr. Weisbrot a factually accurate stipulation sufficient to enable this Court to accept his untimely filing.  That stipulation is attached. We continue to fail to see any aspect of it that is inappropriate or objectionable.  If Mr. Weisbrot remains intractable, we have no choice but to stand by our Motion to Strike.  As we tried to explain to Mr. Weisbrot, we cannot accept his proposed stipulation because it is misleading and not sufficiently detailed to accomplish its goal.

      Thank you for Your Honor's kind attention.  Please do not hesitate to have the Court's staff contact me with any questions or if I may be of any service to the Court whatsoever.

      Respectfully submitted,

      s/ Michael R. Griffinger

      Michael R. Griffinger

cc: All Counsel of Record (via ECF)

2841113.1 107916-101603