# EXHIBIT C

**Portnoy, Samuel I.**

| | |
|---|---|
| **From:** | Ari Weisbrot <aweisbrot@weisbrotlaw.com> |
| **Sent:** | Tuesday, June 9, 2020 3:37 PM |
| **To:** | Portnoy, Samuel I.; Irwin Schwartz |
| **Cc:** | procco@fbrllp.com; Griffinger, Michael R.; Nicholas Cassie |
| **Subject:** | RE: In re CalSTRS Section 1782 Application, No. 19-16458(FLW)(DEA) |

Sam,

I am sorry. I am notoriously impatient with long emails that don't answer the question. The reason why we want a confidentiality order in place now is to avoid long delays when the discovery is (for the third time) ordered. The reason you do not see any "rush" is because you hope to get that delay. So, rather than fight over this, I will be short and sweet: will you agree to enter into the standard DNJ confidentiality agreement now, or, in the alternative, the same one your client is already bound by? Or, in the third alternative, some other option that you prefer? It is as simple as you choosing one (including the one that YOU get to structure), or telling me that you refuse to do so until the Court rules on your stay motion. In the former, excellent. In the latter, we will seek the Court's intervention immediately. Can you agree that we satisfied all "meet and confer" obligations on this topic?

Thanks.



**NATHANIEL ARI WEISBROT, ESQ.**
**Attorney at Law**
201.788.6146 t/f
<aweisbrot@weisbrotlaw.com>

| | |
|---|---|
| New Jersey Office:<br>1099 Allessandrini Avenue<br>New Milford, New Jersey 07646 | New York Office:<br>370 Lexington Avenue, Suite 2102<br>New York, NY 10017 |

**IMPORTANT CONFIDENTIAL LEGAL NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take any action in connection with this this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. **WE DO NOT WAIVE CONFIDENTIALITY, OR ANY OTHER PRIVILEGE, INCLUDING THE ATTORNEY-CLIENT or WORK PRODUCT PRIVILEGE by the transmission of this message.** The inadvertent receipt of this message does not create an attorney-client relationship and the inadvertent recipient should not rely on any such privilege.

**From:** Portnoy, Samuel I. <SPortnoy@gibbonslaw.com>
**Sent:** Tuesday, June 9, 2020 3:30 PM
**To:** Irwin Schwartz <ischwartz@blaschwartz.com>; Ari Weisbrot <aweisbrot@weisbrotlaw.com>
**Cc:** procco@fbrllp.com; Griffinger, Michael R. <MGriffinger@gibbonslaw.com>; Nicholas Cassie <ncassie@blaschwartz.com>
**Subject:** RE: In re CalSTRS Section 1782 Application, No. 19-16458(FLW)(DEA)

Irwin and Ari,

This email responds to Irwin's email below and Ari's email sent earlier this afternoon.  You asked for authority for the proposition that an order that is the subject of a stay motion will be stayed pending the adjudication of that stay motion.  We are aware of a host of cases, in this district and elsewhere, that proceeded in exactly that fashion.  See *Aleynikov v. The Goldman Sachs Grp., Inc.*, No. 12-5994 (KM-MAH), 2016 WL 6440122, at *4 (D.N.J. Oct. 28, 2016) (noting previous order that "[d]iscovery shall be stayed pending adjudication of any such motion to stay"); *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 765 (E.D. Pa. 2014) (suspending "the deadlines for expert discovery and dispositive motions until after [the court] resolved [the] motion to stay"); *Hayes, M.D. v. Am. Int'l Grp.*, No. 09-2874, 2010 WL 11469885, at *1, 4 (E.D. Pa. Apr. 30, 2010) (staying order partially granting motion to strike objections and compel discovery "until the Court decide[d] the plaintiff's pending Motion to Stay"); *General Motors Co. v. Stable Motor Co., Inc.*, No. 4:07-CV-1493, 2008 WL 11369038, at *1 (M.D. Pa. June 18, 2008) (staying depositions pending decision of motion to stay); *Adams v. Kellar*, No. 07-CV-1103, 2008 WL 11492837, at *1 (M.D. Pa. May 5, 2008) (recognizing previous decision, which "stayed discovery pending resolution of the Motion to Stay"); *Marquez v. Hoffman*, No. 18-CV-7215 (ALC), 2019 WL 5940151, at *3 (S.D.N.Y. Oct. 25, 2019) (noting that the judge temporarily stayed discovery pending resolution of motion to stay discovery); *Virtualagity, Inc. v. Salesforce.com, Inc.*, No. 2:13-cv-00011-JRG, 2014 WL 807588, at *1 (E.D. Tex. Feb. 27, 2014) (previously temporarily staying proceedings pending disposition of the defendants' motion to stay); *United States v. Adent*, No. 12-C-1286, 2016 WL 297462, at *1 (E.D. Wisc. Jan. 20, 2016) (staying order of sale pending a ruling on motion to stay); *Cardiaq Valve Technologies, Inc. v. Neovasc Inc.*, No. 14-cv-12405, 2016 WL 8710447, at *3 (D. Mass. Dec. 2, 2016) (granting "motion to stay/preserve the status quo pending resolution of its motion to stay judgment"); *Adams Offshore, Ltd. v. Con-Dive, LLC*, No. 09-0378-WS-B, 2010 WL 3941446, at *1 (S.D. Ala. Sept. 24, 2010) (stating that "vacatur order was temporarily stayed pending resolution of the motion to stay"); *United States v. United Distillers Prods. Corp.*, 64 F. Supp. 978, 979 (D. Conn. 1946) (staying "[a]n order to enforce the summons . . . pending hearing on a motion to stay").

And, the principle makes sense.  This District's local rules expressly contemplate motions to stay orders issued by Magistrate Judges.  L. Civ. R. 72.1.  If such orders had to be complied with while a stay motion was pending, the right to make the stay motion would be meaningless.  We believe that if you attempt to press for compliance with your subpoena, an order similar to those issued in the cases discussed above will be the likely result.  But you are, of course, free to proceed how you see fit.  We continue to reserve the right to seek fees and costs attendant to opposing any such motion.

Against this background, we continue to fail to see the need for urgency with respect to entry of a DCO.  We do not think a meet and confer on the topic would be futile, only premature.   We are willing to negotiate with you and are confident we can come to a mutually agreeable form of order for entry that will obviate any need for Court intervention.  We ask only a reasonable amount of time to do that.  The additional time is needed because the identity of the actual counterparty to the DCO (NNAS vs. NNI) triggers different review processes involving different personnel located in different countries.  Negotiating the DCO in the U.S. securities litigation took weeks. When it came time to negotiate a DCO to which NNI was the counterparty in a litigation involving similar subject matter, different personnel insisted on many additions and revisions, and that negotiation also took weeks.   A redline comparing the DCO NNI negotiated in the insulin pricing litigation with the one you have proposed for entry in this case, is attached.  As you will see, the documents are markedly different in form and substance.   Your note that NNI negotiated an entirely different DCO than NNAS in "a different case with different legal theories and different discovery rights" is exactly the point.  The case in Denmark is a different case with different legal theories and different discovery rights pending in a different country.  All we ask is a reasonable amount of time to propose a version of the DCO we think would be appropriate for this case and fail to see any harm that would result from that reasonable accomodation.

- Sam

**Samuel I. Portnoy**
Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
**Tel** (973) 596-4909 |**Fax** (973) 639-6218

**From:** Irwin Schwartz <ischwartz@blaschwartz.com>
**Sent:** Monday, June 8, 2020 4:34 PM
**To:** Portnoy, Samuel I. <SPortnoy@gibbonslaw.com>; Ari Weisbrot <aweisbrot@weisbrotlaw.com>
**Cc:** procco@fbrllp.com; Griffinger, Michael R. <MGriffinger@gibbonslaw.com>; Nicholas Cassie <ncassie@blaschwartz.com>
**Subject:** RE: In re CalSTRS Section 1782 Application, No. 19-16458(FLW)(DEA)

Hi Sam,

Thanks for attempting to clarify, but I still don't understand your position on the distinction between the parties for the class action case and in this case.  In the class action, I understand that the production includes materials from NNI's files and the confidentiality order was approved by NNI's parent, NNAS.  In this case, the materials to be produced come from NNI's files and, according to your own emails, the confidentiality order has to be approved by NNAS.  What NNI or NNAS did in a different case with different legal theories and different discovery rights that took weeks or months to negotiate is irrelevant.   If you have some substantive reason why a confidentiality order that is almost identical to the class action can't apply to this case, please state it.  It doesn't take more than a week for you to be instructed at least on that narrow issue.

On the motion to stay, as we all know, you can't obtain a self-help stay just by filing a motion to stay.  If you have any authority to support your position that filing a motion to stay pending appeal relieves the moving party of its discovery obligations, I'd like to see it.

Sam, unless you inform us that a meet and confer over these issues will be a waste of time, I think we need to schedule one.  I will consult with Ari and come back to you with some times that we are available.

Thank you.

Irwin


**From:** Portnoy, Samuel I. [mailto:SPortnoy@gibbonslaw.com]
**Sent:** Monday, June 08, 2020 3:27 PM
**To:** Ari Weisbrot <aweisbrot@weisbrotlaw.com>
**Cc:** Irwin Schwartz <ischwartz@blaschwartz.com>; procco@fbrllp.com; Griffinger, Michael R. <MGriffinger@gibbonslaw.com>; Nicholas Cassie <ncassie@blaschwartz.com>
**Subject:** RE: In re CalSTRS Section 1782 Application, No. 19-16458(FLW)(DEA)

Mr. Weisbrot,

Nice to meet you as well.

First, on the issue of the DCO, as we have already explained to Mr. Schwartz, Novo Nordisk A/S was the counterparty to the DCO entered into in the U.S. securities case.  Your subpoena, however, is directed to Novo Nordisk Inc. which entered into a discovery confidentiality order in a separate litigation pending in this district that is very different from the DCO entered in the securities case.  We provided Mr. Schwartz with a copy of it.  Both DCOs took weeks of negotiation.  Because this proceeding implicates both NNI's and NNAS's interests, we need to confer with both entities on acceptable terms.  We have started the process, but it will take time.  We do not think our request for that additional time is unreasonable.

As for your insistence on immediate compliance with your client's subpoena, as you know, we have filed a motion for a stay of Judge Arpert's orders pending appeal that will be fully briefed today.  Your position seems to be, in effect, that my client needs to secure a stay while its motion for stay is pending.  We do not think that position is reasonable, or will be well received by the Court, as immediate compliance with your client's subpoena would effectively moot both the stay motion and my client's appellate rights.  We would also point out that your client's counsel represented to the Court, in a sworn affidavit, that your client believed the proceedings in Denmark should be at a standstill pending not only resolution of its 1782 application but also "any appeals thereof."  ECF No. 19-2 ¶ 5.  We do not think the Court will appreciate your position that immediate action is needed simply because it is my client, and not yours, that seeks an appeal.

In sum, we ask only for the reasonable agreement that compliance with your client's subpoena be put on hold until our pending motion for stay (and any subsequent motion for stay to the District Judge that may be warranted) is decided and, if a stay is entered, during the pendency of any appeals.  If you believe a motion to compel is warranted despite the pendency of our timely motion for stay, we will oppose it and reserve the right to seek our own associated fees and costs.

- Sam

**Samuel I. Portnoy**
Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
**Tel** (973) 596-4909 |**Fax** (973) 639-6218

---

**From:** Ari Weisbrot <aweisbrot@weisbrotlaw.com>
**Sent:** Monday, June 8, 2020 1:16 PM
**To:** Portnoy, Samuel I. <SPortnoy@gibbonslaw.com>
**Cc:** Irwin Schwartz <ischwartz@blaschwartz.com>; procco@fbrllp.com; Griffinger, Michael R. <MGriffinger@gibbonslaw.com>; Nicholas Cassie <ncassie@blaschwartz.com>
**Subject:** In re CalSTRS Section 1782 Application, No. 19-16458(FLW)(DEA)

Dear Mr. Portnoy:

Please be advised that I am substituting as local counsel for CalSTRS in the above matter.  It is nice to meet you.

I understand that the next pressing issue is the confidentiality order.  As you know, the District Court has a standard order and most judges require an explanation for any deviation therefrom.  Thus, it makes it very easy to enter into it.

I also understand that your firm already agreed to a confidentiality order in the class action case against Novo Nordisk AS arising from the same facts as the CalSTRS Danish case.   That should make it even easier to reach a quick agreement.  Please let me know if you are agreeable to execute the almost identical order provided to you by Irwin Schwartz that your client, which you admitted is calling the shots from Denmark in this case, already agreed to.  Or, in the alternative, we could agree to the form order from the DNJ.

Please be advised that, to my knowledge, no stay has been entered, and absent a court order to the contrary, your time to produce the documents is a "reasonable" standard.  We believe that the "reasonable" time to respond to the subpoena has expired.  At the very least, it should expire soon.  Simply refusing to respond because a stay application has not been decided, or because you hope for a different result in future proceedings, or because you delay the entry of a standard confidentiality order, will not prevent the imposition of sanctions for contempt.   We expect immediate compliance with the two court-orders.  Please produce all documents to my attention, at the NJ address below.

I am sure you are eager to promptly comply with the Court's two orders on discovery so let's try to wrap this up by Tuesday.  At the very least, we need to meet and confer on the issue. I am available all day today .   Alternatively, we can bring this matter to the Court and see if Judge Arpert can resolve it.  Obviously, if your client cannot offer a reasonable explanation for requiring the Court's assistance, we will ask to recover our fees in connection therewith.  I am sure that will not be necessary.

Looking forward to hearing from you.

Ari



**NATHANIEL ARI WEISBROT, ESQ.**
**Attorney at Law**
201.788.6146 t/f

aweisbrot@weisbrotlaw.com

| New Jersey Office: | New York Office: |
|---|---|
| 1099 Allessandrini Avenue | 370 Lexington Avenue, Suite 2102 |
| New Milford, New Jersey 07646 | New York, NY 10017 |

**IMPORTANT CONFIDENTIAL LEGAL NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient.  If you are not the intended recipient, please do not read, distribute or take any action in connection with this this message.  If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system.  **WE DO NOT WAIVE CONFIDENTIALITY, OR ANY OTHER PRIVILEGE, INCLUDING THE ATTORNEY-CLIENT or WORK PRODUCT PRIVILEGE by the transmission of this message.   The inadvertent receipt of this message does not create an attorney-client relationship and the inadvertent recipient should not rely on any such privilege.**



**Disclaimer**
The contents of this message, together with any attachments, may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, printing, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify me immediately by reply e-mail or call Gibbons P.C. at 973-596-4500 and delete this message, along with any attachments, from your computer.