## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: Application of CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM for an Order pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding | Civil Action No. 19-16458 (FLW)(DEA)<br><br>**DISCOVERY CONFIDENTIALITY ORDER**<br><br>***Document electronically filed*** |

It appearing that discovery in the above-captioned action (the "Action") is likely to involve the disclosure of confidential information, it is **ORDERED** as follows:

1.     Any party to the Action and any non-party shall have the right to designate as "Confidential" and subject to this Discovery Confidentiality Order any information, document, or thing, or portion of any document or thing including, without limitation, hard copy documents, electronically stored information, testimony, exhibits, written responses to discovery, and any other information produced or provided in connection with the Action ("Discovery Material"): (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) that contains information protected from disclosure under any

1

applicable foreign or domestic law, or (e) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure or Local Civil Rule 5.3.  Any party to the Action or any non-party covered by this Discovery Confidentiality Order, who produces or discloses any Confidential Discovery Material, shall mark the same with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2.     Any party to the Action and any non-party shall have the right to designate as "Highly Confidential" and subject to this Discovery Confidentiality Order any Discovery Material, including the types of Discovery Material enumerated in Paragraph 1(a)-(e), that contains highly sensitive business or personal information, the disclosure of which, even limited to the restrictions placed on Confidential Discovery Material, would create a substantial risk of significant harm to an individual or to the commercial, financial, strategic, and/or business interests of the designating party.  Highly Confidential Discovery Material includes, for example, documents containing information about (a) Defendants' and non-parties' strategies for negotiating rebates and other price concessions; (b) product pricing and marketing; (c) investment strategies of investors in Novo Nordisk ADRs; and (d) Protected Data (as defined in Paragraph 3 below).  Any party to the Action or any non-party who is covered by this Discovery Confidentiality Order who produces

2836481.1 107916-101603

or discloses any Highly Confidential Discovery Material shall mark the same with the following or similar legend: "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Highly Confidential").

3.      "Protected Data" shall refer to any information that a party believes in good faith requires additional protections, beyond those provided to information designated as "Confidential" pursuant to this Discovery Confidentiality Order, under applicable federal, state or foreign data protection laws or other privacy obligations. Protected Data constitutes highly sensitive materials requiring special protection. Examples of such data protection laws include but are not limited to the Gramm-Leach-Bliley Act, 15 U.S.C. §6801; the Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (HIPAA) (including, without limitation, "Protected Health Information" (PHI) as defined thereunder); the European Union's General Data Protection Regulation (GDPR) and Denmark's Act on Data Protection. Protected Data includes but is not limited to information relating to an identified or identifiable living individual, including the individual's name; physical, IP, or email address; identification number; and location data. Any party may redact Protected Data that it claims, in good faith, requires redaction under applicable data-protection laws and the terms of this Discovery Confidentiality Order. To the extent that a designating party believes that certain Protected Data requires alternative or additional

3

protections beyond those afforded Highly Confidential Discovery Material, it shall notify the receiving parties.  The parties shall then meet and confer in good faith within five business days of that notification and, if unsuccessful, the designating party shall move the Court for appropriate relief.

4.     Wherever possible, confidentiality designations shall be imprinted on the face of each page of the Discovery Material to be designated.  If such imprinting is not possible (such as, for example, in connection with certain electronically stored information), a stamp bearing the applicable confidentiality designation shall be affixed on the medium by which the Discovery Material is produced and the confidentiality designation shall be noted in the transmittal letter for the production.  For written responses to discovery requests, the designation shall be imprinted next to each response to be designated.

5.     All Discovery Material shall be used solely for purposes of the prosecution or defense of the Action (including any attempted settlement thereof or appeal therefrom), for use in the proceedings pending against Novo Nordisk A/S in the Danish courts, Case No. BS-3595/2019-GLO (the "Danish Action"), or the enforcement of insurance rights with respect to the Action or the Danish Action, and for no other purpose whatsoever.  For the avoidance of doubt, the use of Discovery Material is restricted to the Action and the Danish Action and may not be used in any other action even if such action involves the same parties or counsel, or similar subject matter.  Thus, actions in which Discovery Material <u>may not</u> be used include,

4

without limitation, the actions currently pending in the U.S. District Court for the District of New Jersey captioned *In re Novo Nordisk Securities Litigation,* Case No. 3:17-cv-00209 (BRM) (LHG) and all actions coordinated or consolidated therewith; as well as *In re Insulin Pricing Litigation,* Civil Action No. 17-699 (BRM)(LHG); and all actions coordinated or consolidated *therewith*, whether for discovery purposes, administrative purposes or otherwise.

6.     The restrictions on use and disclosure of Discovery Material designated Confidential or Highly Confidential imposed by this Discovery Confidentiality Order remain in force and effect unless and until they are removed either by written agreement of counsel for the parties, or by Order of the Court.  It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the Action or the Danish Action based on his or her evaluation of Confidential or Highly Confidential Discovery Material, provided that such advice and opinions shall not reveal the content of such Confidential or Highly Confidential Discovery Material except by prior written agreement of counsel for the parties, or by Order of the Court.

7.     Confidential Discovery Material and the contents of Confidential Discovery Material may be disclosed only to the following individuals under the following conditions:

a.     Outside counsel (herein defined as any attorney at the parties' outside law firms) and in-house counsel for the parties;

5

b.      Outside experts or consultants retained by outside counsel or the parties solely for purposes of this Action or the Danish Action, provided they have executed a non-disclosure agreement in the form attached hereto as **Exhibit A**;

c.      Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.      The Court and court personnel;

e.      Any witness who is called to testify at trial or deposition in the Action or the Danish Action, provided that such person has been provided a copy of this Discovery Confidentiality Order and informed of the restrictions on use and disclosure imposed by it;

f.      Any person may be shown or examined on any Discovery Material designated Confidential if it appears that s/he authored or received a copy of it, is or was employed by the party who produced the Discovery Material, was involved in or is reasonably likely to possess knowledge relevant to the events or communications that the Discovery Material concerns, or if the designating party consents to such disclosure;

g.      Any mediators or other mutually-agreed upon or court-appointed person responsible for resolving this matter or the Danish Action in a non-judicial forum, provided they have executed a non-disclosure agreement in the form attached hereto as **Exhibit A**;

6

h.      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

i.      The parties. In the case of parties that are not individuals, "party" shall mean individuals with authority to make decisions or to participate in making decisions concerning the prosecution and/or defense of the Action; and

j.      Such other persons as counsel for the designating party agrees in advance or as Ordered by the Court.

k.      The parties' insurers and insurers' counsel participating in matters related to the Action or the Danish Action, and their secretarial, paralegal, clerical, duplicating and data processing personnel.

8.      Discovery Material produced and marked as Highly Confidential may be disclosed only to the following individuals:

a.      Outside counsel (herein defined as any attorney at the parties' outside law firms) and in-house counsel for the parties.  In the event that a party that is an organization does not have in-house counsel, Discovery Material produced and marked as Highly Confidential may be disclosed, summarized, or otherwise made available to one or more designated representative(s) of the party who are officers,

2836481.1 107916-101603

trustees, or employees of the party, or are otherwise authorized to act on behalf of a party in this Action or the Danish Action ("Designated Representative") subject to the terms of Paragraph 9 below;

      b.    Outside experts or consultants retained by outside counsel or the parties solely for purposes of this Action or the Danish Action, provided they have executed a non-disclosure agreement in the form attached hereto as **Exhibit A**;

      c.    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

      d.    The Court and court personnel;

      e.    Any witness who is called to testify at trial or deposition in the Action or the Danish Action, provided that such person has been provided a copy of this Discovery Confidentiality Order and informed of the restrictions on use and disclosure imposed by it;

      f.    Any person may be shown Discovery Material designated Highly Confidential if it appears that s/he authored or received a copy of it, is or was employed by the party who produced the Discovery Material, or if the designating party consents to such disclosure;

      g.    Any mediators or other mutually-agreed upon or court-appointed person responsible for resolving this matter or the Danish Action in a non-judicial forum, provided they have executed a non-disclosure agreement in the form attached hereto as **Exhibit A**;

8

h.      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

i.      Such other persons as counsel for the designating party agrees in advance or as Ordered by the Court.

9.      After a party designates a representative, it shall notify the other parties of the identity of its Designated Representative.  Any party with a good-faith belief that the Designated Representative will not adequately protect Discovery Material designated as Highly Confidential consistent with this Discovery Confidentiality Order may object to the Designated Representative within five (5) business days after receiving such notice by providing written notice to the designating party setting forth the bases for the objection.  If the parties are unable to resolve the objection, the objecting party shall then present its objection to the Court within five (5) business days of notifying the designating party of its objection.  The designating party shall not disclose, summarize or otherwise make available to its Designated Representative any Discovery Material designated as Highly Confidential for at least five (5) business days after notifying the other parties of the Designated Representative's identity and, in the event of a timely objection, shall not disclose,

9

summarize or otherwise make available to its Designated Representative any Discovery Material designated as Highly Confidential unless and until the Court resolves the objection in favor of the designating party.

10. Confidential and Highly Confidential Discovery Material shall be used only by persons permitted access to it under Paragraphs 7 and 8, respectively. Confidential and Highly Confidential Discovery Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other person, unless and until (a) outside counsel for the designating party waives the claim of confidentiality, or (b) the Court orders such disclosure.

11. Counsel shall be responsible for assuring compliance with the terms of this Discovery Confidentiality Order with respect to authorized persons to whom such counsel discloses Confidential or Highly Confidential Discovery Material. Where such persons are required to execute a non-disclosure agreement, counsel disclosing Confidential or Highly Confidential Discovery Material shall obtain and retain the non-disclosure agreement executed by those persons.

12. With respect to any depositions or trial or pretrial proceedings that involve a disclosure of Discovery Material designated Confidential or Highly Confidential, the designating party shall have until thirty (30) calendar days after receipt of the final transcript within which to inform all other parties, in writing, as to the specific pages and lines of the transcript that are to be designated Confidential or Highly Confidential, which period may be extended by agreement of the parties.

2836481.1 107916-101603

During these thirty (30) calendar days, no such transcript or recording of such deposition, trial, or pre-trial proceeding shall be disclosed, and no individual attending such deposition, trial, or pre-trial proceeding shall disclose the contents of the deposition or proceeding, to any individual other than the individuals described in Paragraph 7 (as to material designated Confidential) and 8 (as to material designated Highly Confidential).  Upon being informed that certain portions of a transcript or recording are to be designated as Confidential or Highly Confidential, all parties shall immediately cause each copy of the transcript or recording in its custody or control to be appropriately marked and limit disclosure of that transcript or recording in accordance with the terms of this Discovery Confidentiality Order.

13.    If, at any time, any person other than the party who designated Discovery Material Confidential or Highly Confidential, reasonably believes s/he or it must produce Discovery Material designated Confidential or Highly Confidential in response to a subpoena or other compulsory process by any court, administrative agency, legislative body, or other person or entity commanding the production of such Discovery Material, the person to whom the subpoena or request is directed shall, except where prohibited by law, notify the designating party by email within seven (7) calendar days of receipt of the subpoena or request.  The purpose of imposing these duties is to afford the party that designated the Discovery Material Confidential or Highly Confidential an opportunity to try to protect his/her/its confidentiality interest prior to disclosure contrary to this Discovery Confidentiality

11

Order. The party that designated the Discovery Material Confidential or Highly Confidential will bear the burden and expenses of seeking protection. The person to whom the subpoena or request is directed shall immediately notify the issuer of the subpoena or request that Discovery Material that may be responsive thereto has been designated confidential pursuant to this Discovery Confidentiality Order. Unless otherwise ordered by a court or required by government subpoena, the person to whom the subpoena or request is directed shall comply with the subpoena or request only if the party who designated the Discovery Material Confidential or Highly Confidential does not timely seek, or is unsuccessful in seeking, an order modifying or quashing the subpoena or request.

14. If counsel for a party receiving Discovery Material designated as Confidential or Highly Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or non-party a written objection to such designation, which shall describe with particularity the Discovery Material in question and shall state the grounds for objection. Counsel for the designating party or non-party shall respond in writing to such objection within fourteen (14) calendar days, and shall state with particularity the grounds for designating the Discovery Material Confidential or Highly Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or non-party makes

12

a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

        b.    If a dispute as to a Confidential or Highly Confidential designation of Discovery Material cannot be resolved by agreement, the party challenging the designation shall present the dispute to the Court initially by letter in accordance with Local Civil Rule 37.1(a)(1) and this Court's preferences, before filing a formal motion for an Order regarding the challenged designation. The Discovery Material that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

15.    All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3 or the applicable rules for the Danish Action.  Any party filing Confidential or Highly Confidential Discovery Material in the Danish Action will take whatever steps reasonably available and permissible under Danish law to protect such material from disclosure to same extent it would be protected from disclosure if filed under permanent seal in this Court.

16.    If the need arises during trial or at any hearing before this Court or in the Danish Action for any party to disclose Confidential or Highly Confidential Discovery Material, it may do so only after giving notice to the designating party and as directed by this Court or in the Danish Action.

17.    To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Highly Confidential Discovery Material

2836481.1 107916-101603

that should have been designated as such, regardless of whether the Discovery Material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific Discovery Material disclosed or as to any other Discovery Material concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the Discovery Material was disclosed that the Discovery Material should have been designated Confidential or Highly Confidential. Such notice shall constitute a designation of the Discovery Material as Confidential or Highly Confidential under this Discovery Confidentiality Order.

18.     If a party or non-party notifies any other party that it inadvertently or mistakenly disclosed any Discovery Material that is: (i) protected from disclosure under the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity; or (ii) protected under foreign data protection, statutory, or bank secrecy laws, all receiving parties shall treat such Discovery Material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and the terms of any order pursuant to Federal Rule of Evidence 502(d) entered in the Action. Such inadvertent or mistaken disclosure of Discovery Material shall not by itself constitute a waiver by the designating party of any claims of privilege or immunity, or claims of protection under foreign or domestic law.  However, nothing herein restricts the right of the receiving party to challenge the designating party's claim of

14

protection from disclosure, if made within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.  In the event a receiving party wishes to challenge a designating party's claim of protection from disclosure, the procedure applicable to disputes over confidentiality designations set forth in Paragraph 12 of this Discovery Confidentiality Order shall apply.

19.     No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Highly Confidential Discovery Material under this Discovery Confidentiality Order.

20.     Any person in possession of another party's Confidential or Highly Confidential Discovery Material shall exercise the same care with regard to the storage, custody, or use such Discovery Material as they would apply to their own material of the same or comparable sensitivity. Receiving parties must take reasonable precautions to protect Confidential or Highly Confidential Discovery Material from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

    a. Confidential or Highly Confidential Discovery Material in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to

2836481.1 107916-101603

application of access control rights to those persons authorized to access Confidential or Highly Confidential Discovery Material under this Order;

b.  An audit trail of use and access to litigation support site(s) shall be maintained while the Action and the Danish Action, including any appeals, are pending;

c.  Any Confidential or Highly Confidential Discovery Material downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g. laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and/or encrypted with access limited to persons entitled to access Confidential or Highly Confidential Discovery Material under this Order. If the user is unable to password protect and/or encrypt the device, then the Confidential or Highly Confidential Discovery Material shall be password protected and/or encrypted at the file level;

d.  Confidential or Highly Confidential Discovery Material in paper format is to be maintained in a secure location with access limited to persons entitled to access Confidential or Highly Confidential Discovery Material under this Order, but nothing within this provision requires such persons to maintain such Confidential or Highly Confidential Discovery Material in an individually locked office;

e.  Summaries of Confidential or Highly Confidential Discovery Material, including any lists, memoranda, indices or compilations prepared or based

2836481.1 107916-101603

on an examination of Confidential or Highly Confidential Discovery Material, that quote from or paraphrase Confidential or Highly Confidential Discovery Material in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Confidential or Highly Confidential Discovery Material;

f.  If the recipient of Confidential or Highly Confidential Discovery Material is shipping data in electronic format, the recipient shall encrypt the data prior to shipping and provide the encryption key in separate correspondence. If hard copy documents are shipped, the Receiving Party will ship the documents using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that the Confidential or Highly Confidential Discovery Material has been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials;

g.  If the Receiving Party discovers a breach [1] of security relating to the Confidential or Highly Confidential Discovery Material of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing

---

[1] Breach is defined to include, but is not limited to, the confirmed or suspected: (i) disclosure or use of Confidential or Highly Confidential Discovery Material by or to an unauthorized person; and/or (ii) the loss, theft or hacking of a device containing Confidential or Highly Confidential Discovery Material.

2836481.1 107916-101603

Party of the breach within 24 hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

21.     Any PHI shall be deemed Highly Confidential as defined in this Discovery Confidentiality Order. Any person who receives and stores PHI in connection with this Proceeding will, in addition to the protections and safeguards identified in paragraphs 20(a)-(g), *supra*, develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards as HIPAA may independently require to preserve the privacy, integrity, and confidentiality of any PHI and to prevent unpermitted use or disclosure of any PHI they may receive from any person in connection with this Proceeding. PHI will be securely returned or destroyed pursuant to the provisions of Paragraph 25, below.

22.     Without limiting a receiving party's obligations under paragraph 20(g) of this Discovery Confidentiality Order, if a receiving party learns that, by inadvertence or otherwise, it has disclosed the Confidential or Highly Confidential Material to any person or in any circumstance not authorized under this Discovery Confidentiality Order, the receiving party must, as soon as is practicable: (a) notify

18

in writing the designating party of the unauthorized disclosure; (b) use its best efforts

to retrieve all copies of the protected materials; and (c) inform the person or persons

to whom unauthorized disclosures were made, to the extent the person or persons

are identifiable, of all the terms of this Discovery Confidentiality Order and have the

person or persons execute a Declaration in the form annexed hereto as Exhibit A.

23.    This Discovery Confidentiality Order shall not deprive any party of its

right to object to discovery by any other party or on any otherwise permitted ground.

This Discovery Confidentiality Order is being entered without prejudice to the right

of any party or nonparty to move the Court for modification or for relief from any

of its terms.

24.    This Discovery Confidentiality Order shall survive the termination of

the Action and the Danish Action and shall remain in full force and effect unless

modified by an Order of this Court or by the written stipulation of the parties filed

with the Court.

25.    Within ninety (90) calendar days of the final conclusion of the Action

or the Danish Action, whichever is later (whether by entry of a final order of

dismissal, judgment, settlement, disposition on appeal, or otherwise, and where the

time for any further appeals has expired), or by a later date on which the parties

agree, all parties in receipt of Discovery Material designated Confidential or Highly

Confidential in the Action shall be under an obligation to assemble and to return to

the originating source, or destroy, all originals or copies of Confidential or Highly

2836481.1 107916-101603

Confidential Discovery Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order.  Upon request, counsel of record shall certify that they have complied with the requirements of this Paragraph.  To the extent a party requests the return of Confidential or Highly Confidential Discovery Material from the Court after the final conclusion of the Action of the Danish Action, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

26.     Each person to whom disclosure of Confidential or Highly Confidential Discovery Material is made pursuant to the terms of this Discovery Confidentiality Order, shall subject himself, herself, or itself to the jurisdiction of this Court for the purpose of contempt proceedings in the event of any violation of this Discovery Confidentiality Order.

27.     This Discovery Confidentiality Order shall become effective immediately upon the parties' execution of it even though prior to approval by the Court.

28.     Neither the entry of this Discovery Confidentiality Order nor any of its provisions shall affect in any way the merits of: (i) Novo Nordisk Inc.'s ("NNI") appeal of this Court's Orders granting California State Teachers' Retirement

2836481.1 107916-101603

System's ("CalSTRS") Section 1782 Application and directing compliance with CalSTRS's underlying subpoena; or (ii) the stay of those Orders currently in place.

**IT IS SO ORDERED.**

**DATED:** _____, 2020

_____
Hon. Douglas E. Arpert, U.S.M.J.

2836481.1 107916-101603

The terms and form of this Discovery Confidentiality Order are hereby consented to:

| GIBBONS P.C. | WEISBROT LAW LLC |
|---|---|
| By: s/Michael R. Griffinger<br>Michael R. Griffinger<br>Samuel I. Portnoy<br>Charlotte Howells<br>Genna A. Conti<br>One Gateway Center Newark<br>Newark, New Jersey 07102-5310<br><br>*Attorneys for Respondent*<br>*Novo Nordisk, Inc.* | By:   /s/  Nathaniel A. Weisbrot<br>Nathaniel Ari Weisbrot<br>1099 Allessandrini Avenue<br>New Milford, New Jersey 07646<br>201-788-6146<br>E-mail:  aweisbrot@weisbrotlaw.com<br><br>BLA SCHWARTZ PC<br>Irwin B. Schwartz (admitted *pro hac vice*)<br>Nicholas Cassie (admitted *pro hac vice*)<br>One University Avenue, Suite 302(b)<br>Westwood, Massachusetts  02090<br>781-636-5000<br><br>*Attorneys for Applicant California State*<br>*Teachers' Retirement System* |

2836481.1 107916-101603

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

In re: Application of CALIFORNIA STATE
TEACHERS' RETIREMENT SYSTEM for an
Order pursuant to 28 U.S.C. § 1782 Granting
Leave to Obtain Discovery for Use in a Foreign
Proceeding

Civil Action No. 16-16458 (FLW)(DEA)

AGREEMENT TO BE BOUND BY
DISCOVERY CONFIDENTIALITY ORDER

I, _____, being duly sworn, state that:

1.    My address is _____

2.    My present employer is _____ and the address
of my present employment is
_____.

3.    My present occupation or job description is _____

4.    I have carefully read and understood the provisions of the Discovery
Confidentiality Order in this case signed by the Court, and I will comply with all
provisions of the Discovery Confidentiality Order.

5.    I will hold in confidence and not disclose to anyone not qualified under the
Discovery Confidentiality Order any Confidential or Highly Confidential Discovery
Material or any words, summaries, abstracts, or indices of Confidential or Highly
Confidential Discovery Material disclosed to me.

6.    I will limit use of Confidential or Highly Confidential Discovery Material
disclosed to me solely for purpose of this action.

7.    No later than the final conclusion of the Action or the Danish Action, I will
return all Confidential or Highly Confidential Discovery Material and summaries,
abstracts, and indices thereof which come into my possession, and documents or things
which I have prepared relating thereto, to counsel for the party for whom I was
employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

2836481.1 107916-101603

Dated:_____          _____
                                                        [Name]

2836481.1 107916-101603