| | |
|---|---|
| IN RE: APPLICATION OF CALIFORNIA STATE TEACHERS RETIREMENT SYSTEM FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING | Civil Action No. 19-16458 (FLW) (DEA)<br><br>*Document electronically filed*<br><br>**SUPPLEMENTAL DECLARATION OF HENRIETTE GERNAA** |

I, **HENRIETTE GERNAA**, of full age, do hereby certify as follows:

1. I am a partner with Danish law firm Gorrissen Federspiel Advokatpartnerselskab.

2. I represent Novo Nordisk A/S ("NNAS") in the Danish litigation case no. BS-1040/2020-OLR, previously pending before the District Court of Glostrup, Denmark, and currently pending before the Eastern High Court, Denmark (the "Danish Proceeding"), brought by Allianz Invest Kapitalanlagegesellschaft mbH and others, including California State Teachers Retirement System ("CalSTRS").

3. This Declaration is made in support of Novo Nordisk, Inc.'s ("NNI") opposition to CalSTRS's Motion to Compel Discovery by Order to Show Cause.

4. To date, CalSTRS has not attempted to apply for or otherwise seek discovery under Danish law.

5. Under Danish procedural rules, parties may produce new evidence for use in litigation at any time up until the closing of the pre-trial procedure, which is four weeks prior to the trial date, unless the court has directed otherwise, cf. the Danish Administration of Justice Act § 356: "*The court will direct when the pre-trial procedure is to be closed. Unless otherwise directed by the court, the pre-trial procedure will be deemed closed four weeks before the date*

1

*fixed by the court for the trial hearing or for the beginning of the trial hearing.*" This rule applies to the Danish Proceeding.

6. In addition, the Eastern High Court, Denmark, has discretion to allow parties to produce and use new evidence even after that time, cf. the Danish Administration of Justice Act § 358(1), (4) and (6): "*(1) If a party wishes to expand the claims or pleas made during the pre-trial procedure or to make submissions which have not been made during the pre-trial procedure or to produce evidence which has not been specified during the pre-trial procedure, the party must notify the court and the opposing party. The opposing party then has one week to submit his comments to the court and the other party, after which the court will make its decision, see subsections (6) and (7). (4) The provision of subsection (1) applies correspondingly where, after the period specified for submission of a pleading on a specified issue, see section 355(2), a party wishes to make new claims or pleas or new allegations or submissions or produce new evidence concerning the issue in question. (6) Notwithstanding the absence of the opposing party's consent, the court may allow a party to expand his claims or pleas, make new allegations or submissions or produce new evidence under subsections (1)-(5) if: there are special reasons why the failure to make a request in this respect at an earlier point in time may be deemed excusable; the opposing party may adequately safeguard his interests without the trial hearing being adjourned; or refusing permission may inflict a disproportionate loss on the party*".

7. In the Danish proceeding, no trial date has yet been set. Trial is not expected to commence in 2021.

3

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Copenhagen, 16 October 2020    By: _____
                                                   Henriette Gernaa, Partner