UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CALIFORNIA STATE TEACHERS RETIREMENT SYSTEM, | Civil Action No. 19-16458 (FLW) (DEA) |
| Petitioner, |  |
| v. | **ORDER** |
| NOVO NORDISK, INC., |  |
| Respondent. |  |

**THIS MATTER** comes before the Court on a Motion to Stay the Court's October 29, 2020 Order affirming the Magistrate Judge's Orders granting Petitioner California State Teachers' Retirement System's ("CalSTRS") *ex parte* application for leave to obtain discovery for use in a foreign proceeding pursuant to 28 U.S.C. § 1782 filed by Michael R. Griffinger, Esq., counsel for Respondent Novo Nordisk, Inc. ("Novo US"); it appearing that CalSTRS, through its counsel N. Ari Weisbrot, Esq., opposes the Motion; the Court having reviewed the submissions of the parties pursuant to Federal Rule of Civil Procedure 78, makes the following findings:

1. On August 7, 2019, CalSTRS filed an *ex parte* application for foreign discovery, pursuant to 28 U.S.C. § 1782, seeking documents from Novo US to gather evidence for use in a pending proceeding in the Glostrup District Court in Denmark against Novo US's parent company, Novo Nordisk A/S. (ECF No. 1.) On September 20, 2019, the Magistrate Judge granted CalSTRS's application for discovery and, thereafter, denied Novo US's motion for reconsideration of that decision. (*See* ECF Nos. 13, 20.) Novo US appealed those decisions to this Court and, on October 29, 2020, this Court affirmed the Magistrate Judge's Orders and required Novo US to comply with CalSTRS's

subpoena immediately. (ECF No. 42.) Novo US now seeks to stay this Court's Order pending its appeal to the Third Circuit. (ECF No. 46.)

2. While a stay pending appeal is "an extraordinary remedy[,] . . . [i]t is well established that a court has discretion to stay a proceeding where 'the interests of justice . . . require such action." *CBD & Sons, Ltd. v. Setteducati*, No. 18-4276, 2019 WL 8268543, at *4 (D.N.J. Aug. 6, 2019) (citations omitted). On a motion to stay, courts must balance four factors:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015). The stay applicant bears the burden of demonstrating a stay is necessary. *See id.* at 571; *see also CBD & Sons, Ltd.*, 2019 WL 8268543, at *4.

3. The Court begins by analyzing the first *Revel* factor: whether the stay applicant has shown a strong likelihood of success on the merits. 802 F.3d at 568. The Third Circuit has explained that "a sufficient degree of success for a strong showing exists if there is 'a reasonable chance, or probability, of winning.'" *Revel*, 802 F.3d at 568–69 (quoting *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc)). In other words, "while 'it is not enough that the chance of success on the merits be 'better than negligible, the likelihood of winning on appeal need not be 'more likely than not.'" *Id.* at 569. Here, Novo US has not made such a showing. Novo US contends that it has met this factor because (1) the Magistrate Judge determined that "reasonable jurists could differ on the issues [Novo US] seeks to appeal" and (2) as set

forth in this Court's Opinion, the standard of review for a magistrate judge's granting of a § 1782 application is unsettled. First, the Court's decision here is not tethered to the Magistrate Judge's finding on Novo US's first motion to stay his order granting CalSTRS's § 1782 application. Indeed, this Court must independently assess Novo US's present motion to stay to determine if, in light of this Court's Opinion, Novo US is entitled to a stay. In that regard, the Court finds that simply because Novo US disagrees with that decision affirming the Magistrate Judge's Orders, it does not, in and of itself, demonstrate a likelihood of success on the merits on appeal. Novo US cannot satisfy this factor simply by repeating the arguments raised in its prior briefing. *See, e.g.*, *Averhart v. CWA Local*, No. 13-1093, 2014 WL 820071, at *1 (D.N.J. Mar. 3, 2014) (finding stay applicant did not show a likelihood of success on the merits where he raised arguments that were "indistinguishable from those advanced in his previous motions"); *Westmont Dev. Grp., LLC v. Twp. of Haddon*, No. 07-5846, 2009 WL 2230910, at *1 (D.N.J. July 24, 2009) (finding stay applicant failed to show a likelihood of success on the merits where applicant's arguments were "tantamount to a motion for reconsideration" and were "indistinguishable from those rejected" by the court); *see also Deon v. Barasch*, No. 17-1454, 2018 WL 6524327, at *2 (W.D. Pa. Dec. 12, 2018) ("Mere repetition of arguments previously considered and rejected cannot be categorized as a strong showing of a likelihood of success on the merits."); *Huffman v. Prudential Ins. Co. of Amer.*, No. 10-5135, 2018 WL 1281901, at *2 (E.D. Pa. Mar. 12, 2018) ("[Defendant] has not shown that this Court's ruling on class certification was erroneous, but instead shows only that it disagrees with that ruling, which does not establish a likelihood of success on the merits."). More importantly, the Third Circuit

will review this Court's decision under an abuse of discretion standard. *See In re O'Keefe*, 646 F. App'x 263, 265 (3d Cir. 2016) (reviewing section 1782 order for abuse of discretion). Novo US has not articulated any way in which this Court, which independently reviewed the § 1782 application, abused its discretion in affirming the Magistrate Judge's Orders.

4. Novo US's argument regarding the unsettled standard of review is similarly unpersuasive. Novo US argues that because the Third Circuit has not yet determined what standard of review applies to applications under § 1782, there is "more than a negligible chance" that the Court's decision will be reversed on appeal. But, Novo US, fails to explain that even if the Third Circuit were to find that the Magistrate Judge's Order should have been reviewed under a *de novo* standard, why the Third Circuit would likely find that this Court abused its discretion. This factor, accordingly, weighs against granting a stay.

5. Nor has Novo US demonstrated that it will suffer irreparable harm if a stay is not issued. To demonstrate irreparable harm, a stay applicant "must demonstrate an injury that is neither remote nor speculative, but actual and imminent." *Revel*, 802 F.2d at 571 (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)). Novo US contends that if it is required to provide the requested discovery to CalSTRS, it would suffer irreparable harm because "the very act of disclosure will destroy the status quo and moot an appeal." In other words, Novo US argues that any act of production in response to CalSTRS's subpoena cannot be undone because, proverbially speaking, the cat would already be out of the bag. While there can be no doubt that "[a]ttorneys cannot unlearn what has been disclosed to them in discovery,"

*In re Ford Motor Co.*, 110 F.3d 954, 963 (3d Cir. 1997), that fact, in and of itself, is not sufficient to support a finding of irreparable harm. *See, e.g.*, *In re Noguer*, No. 18-498, 2019 WL 1034190, at *4 (S.D.N.Y. Mar. 5, 2019) ("The mere fact that information, once disclosed, cannot be 'undisclosed' is therefore not enough by itself to warrant a finding of irreparable harm."); *see also Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991) (finding stay applicant did not meet its burden of showing irreparable harm where it failed to present a "particularized showing of the need for continued secrecy").[1]  Here, Novo US has, in a broad brush fashion, alleged that the subpoena requires disclosure of "sensitive" documents regarding "the core of its business."  Such a generalized allegation, however, does not demonstrate irreparable harm. *See Noguer*, 2019 WL 1034190, at *4; *see also Nikon Corp. v. GlobalFoundries U.S., Inc.*, No. 17-80071, 2017 WL 4865549 (N.D. Cal. Oct. 26, 2017) (finding that stay applicant could not show irreparable harm as a result of disclosure of allegedly confidential business materials absent evidence showing that the documents are confidential "or explaining how disclosure of the documents would harm it").  Besides, a Protective Order has already been entered, which limits the use of the discovery and ensures confidentiality of any documents. (*See* ECF No. 37.)  Accordingly, the Court finds that Novo US has not shown that it will suffer irreparable harm if a stay is not issued.

---

[1] Novo US relies on a number of cases that found, in the context of Freedom of Information Act requests, "irreparable harm occurs where the release of documents would moot a defendant's right to appeal." *See, e.g.*, *Charles v. Office of the Armed Forces Med. Exam'r*, 2013 WL 12332949, at *2 (D.D.C. May 9, 2013).  The FOIA context, however, is distinct from cases where documents are sought between private parties for use in litigation where the documents may be protected by a confidentiality order and limited to use only in litigation.

6. Because Novo US has not demonstrated that it has a likelihood of success on appeal or that it will suffer irreparable harm if a stay is not issued, the Court need not exhaustively assess the remaining factors. *See Revel*, 802 F.3d at 571 (holding that if a stay movant does make the "requisite showing" on the first two factors, "inquiry into the balance of harms [and the public interest] is unnecessary, and the stay should be denied without further analysis" (quoting *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir. 1997))). However, the Court stresses that CalSTRS would most likely suffer harm because of its deadline for filing an amended writ in the foreign litigation and time is of the essence.

Accordingly, and for good cause shown,

**IT IS** on this 12th day of November, 2020,

**ORDERED** that Novo US's Motion to Stay Pending Appeal is **DENIED**.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge
