Michael R. Griffinger, Esq.
Samuel I. Portnoy, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500

*Attorneys for Appellant/Petitioner Novo Nordisk Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| IN RE: NOVO NORDISK INC. | Case No.<br><br>[On Appeal From United States District Court for the District of New Jersey in Civil Action No. 19-16458 (FLW)(DEA)]<br><br>Filed Electronically<br><br>**PETITION FOR WRIT OF MANDAMUS OR, IN THE ALTERNATIVE, FOR AN IMMEDIATE STAY OF THE DISTRICT COURT'S ORDER OF NOVEMBER 19, 2020** |

Novo Nordisk Inc. ("NNI"), petitioner in the above captioned matter, hereby applies, pursuant to the provisions of section 1651, Title 28, United States Code, and Rule 21(a) of the Federal Rules of Appellate Procedure, for a writ of mandamus to be issued by this Court directing the Honorable Douglas E. Arpert, Magistrate Judge of the United States District Court for the District of New Jersey

(the "District Court"), to vacate his Order of November 19, 2020 (ECF No. 57) ("November 19 Order") because that Order issued without jurisdiction. In the alternative, NNI requests, pursuant to Federal Rule of Appellate Procedure 8 and Local Appellate Rule 27.7, an immediate stay of that Order pending resolution of NNI's pending motion for emergent review docketed at 3d Cir. Dkt. No. 20-3426, ECF No. 5.

In support of this application, petitioner states:

1. This petition is necessary because the District Court has acted outside its jurisdictional bounds and issued an Order that will irreparably harm NNI. Absent intervention by this Court, the November 19 Order would moot NNI's appeal and its motion for emergent review of the District Court's November 12, 2020 Order denying NNI's motion for stay pending appeal (which is currently pending in this Court) and the emergent briefing schedule entered by this Court on November 13, 2020 in connection with that motion. 3d Cir. Dkt. No. 20-3426, ECF Nos. 5, 6. The November 19 Order concerns the very issues already on appeal with this Court; specifically, whether and by when NNI must comply with a subpoena. To comply with the subpoena, NNI would have to produce in excess of 100,000 documents. The District Court's Order directs NNI to do so in four days. Despite the existence of NNI's pending appeal and motion, the Order makes no reference to—much less finding regarding—the basis of the District Court's

jurisdiction. As a result, the Order should be vacated or, at least stayed. In addition, NNI respectfully requests entry of an Order allowing it ten (10) days from the disposition of this petition (should it be denied) to comply with CalSTRS's subpoena so that if this Court is not inclined to grant the relief NNI seeks, NNI is at least afforded a reasonable period of time within which to respond.

## BACKGROUND AND ORDER BELOW

2.  The underlying case consists of an application pursuant to 28 U.S.C. § 1782 ("Section 1782 Application") granting California State Teachers Retirement System ("CalSTRS") leave to obtain discovery from NNI via subpoena for use in a proceeding in Denmark. The Section 1782 Application was granted by the Magistrate Judge and then appealed to the District Judge.

3.  On October 29, 2020, the District Judge denied NNI's appeal and ordered compliance with CalSTRS's Subpoena. ECF No. 43. NNI filed a Notice of Appeal two business days later, ECF No. 45, and a Motion for Stay Pending Appeal, ECF No. 46. On November 12, 2020, the District Judge denied NNI's motion for stay. ECF No. 52. The next day, NNI filed a motion with this Court for emergent review of the District Court's denial of NNI's stay motion, arguing that the denial of the motion constituted an abuse of discretion and would irreparably harm NNI. 3d Cir. Dkt. No. 20-3426, ECF No. 5. This Court set an

expedited briefing schedule for that motion, directing CalSTRS to file any opposition to it by November 20, 2020. 3d Cir. Dkt. No. 20-3426, ECF No. 6.

4. Two days ago, on November 18, 2020, with NNI's appeal and emergent motion to this Court already pending, CalSTRS filed a motion—in the District Court—seeking an order directing NNI to show cause as to why it should not comply with CalSTRS's subpoena within seven days. ECF No. 56. Yesterday, before NNI had an opportunity to oppose that motion, the magistrate judge entered an Order: (i) directing NNI to comply with CalSTRS's subpoena by noon on November 24, 2020—*four days from today*; (ii) stating that the magistrate judge had conferred with the district judge regarding the matter; and (iii) indicating that further submissions would not be considered. Declaration of Samuel I. Portnoy ("Portnoy Decl."), Ex. A. The Order includes no discussion of the District Court's jurisdiction, *vel non*, regarding this matter in light of the pending appeal.

## ISSUES PRESENTED

5. Whether the District Court lacked jurisdiction to issue the November 19 Order directing NNI to comply with a subpoena by November 24 when NNI has already appealed to this Court both the propriety of that subpoena and whether NNI must comply with it before its appeal to this Court is resolved.

6. Whether, in the alternative, the November 19 Order should be stayed pending adjudication of NNI's pending motion for emergent review of the denial

4

of its motion for stay pending appeal, so that NNI's emergent motion and underlying appeal will not be mooted.

## REASONS WHY THE WRIT OR STAY SHOULD ISSUE

7. As this Court has recognized, petition for a writ of mandamus is the appropriate procedure to address a district court entering an order it does not have jurisdiction to issue. *See In re Pressman-Gutman Co., Inc.*, 459 F.3d 383, 399 (3d Cir. 2006) ("Courts have used mandamus to confine an inferior [federal] court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so."); *Kerr v. U.S. Dist. Court for N. Dist. of California*, 426 U.S. 394, 402 (1976) ("As we have observed, the writ 'has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" (citation omitted)); *United States v. Wexler*, 31 F.3d 117, 128 (3d Cir. 1994) (a "traditional reason[] for the writ" is a situation where a district court "exceeded its lawful jurisdiction.").

8. Whether and by when NNI must respond to CalSTRS's subpoena are issues currently on appeal with this Court. As a result, the District Court lacked jurisdiction to issue its order of November 19 directing NNI to produce documents in response to CalSTRS subpoena in four days' time.

9. "Generally, a notice of appeal divests the District Court of jurisdiction 'over those aspects of the case involved in the appeal.'" *Janssen Prods., L.P. v. Lupin Ltd.*, No. 10-5954 (WHW), 2016 WL 3392291, at *2 (D.N.J. June 15, 2016) (quoting *Kull v. Kutztown Univ. of Pa.*, 543 F. App'x 244, 248 (3d Cir. 2013)); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *United States v. Reeves*, No. 11-520 (JBS), 2016 WL 2621272, at *1 (D.N.J. May 2, 2016) (same); *Abulkhair v. Bush*, No. 11-6616 (JLL), 2012 WL 12895700, at *1 (D.N.J. July 11, 2012) (same); *United States v. Guibilo*, No. 04-558 (JLL), 2008 WL 387896, at *1 (D.N.J. Aug. 18, 2008) (ordinarily, filing a notice of appeal "divests this Court of jurisdiction of any part of the case involved in the appeal"); *Sarmiento v. Montclair State Univ.*, No. 04-4176 (WJM), 2007 WL 2572370, at *2 (D.N.J. Sept. 4, 2007) (same).

10. This rule of jurisdiction has "the salutary purpose of preventing the confusion and inefficiency which would of necessity result were two courts to be considering the same issue or issues simultaneously." *United States v. Cooper Health Sys.*, 958 F. Supp. 2d 564, 567 (D.N.J. 2013) (quoting *Venen v. Sweet*, 758 F.2d 117, 121 (3d Cir. 1985)).

11. This rule of jurisdiction and the purpose it serves clearly apply here. NNI has appealed to this Court the District Court's Order resolving CalSTRS's Section 1782 Application and the Order denying NNI's motion for stay pending appeal. Accordingly, the propriety of CalSTRS's subpoena and the question whether NNI must comply with that subpoena before its appeal to this Court is adjudicated are now exclusively for this Court to decide. *See* 3d Cir. Dkt. No. 20-3426, ECF Nos. 1, 5. The Order issued by the District Court yesterday seeks to address these very issues. It was outside of the District Court's jurisdiction to enter such an order. The Order would moot not only NNI's currently pending appeal, but also its pending motion for emergent review of the denial of its stay motion, which is already well on its way to expeditious adjudication by this Court.

12. None of the exceptions to the general rule that divests a district court of jurisdiction upon the timely filing of an appeal apply where, as here, the district court's order concerns the exact issues already appealed to the circuit court. *Cf. Sheet Metal Workers' Int'l Assoc. Local 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir. 1999) (Exceptions to the rule allow "the district court to retain jurisdiction to issue orders staying, modifying, or granting injunctive relief, to review applications for attorney's fees, to direct the filing of supersedeas bonds, to correct clerical mistakes, and to issue orders affecting the record on appeal the granting or vacating of bail.").

13. Because NNI's appeals divested the District Court of jurisdiction to issue its November 19 Order, that Order must be vacated.

14. In the alternative, NNI requests, pursuant to Federal Rule of Appellate Procedure 8, that this Court immediately enter an Order staying the District Court's November 19 Order, which requires compliance by noon on November 24, pending at least this Court's adjudication of NNI's pending motion for emergent review of the denial of its motion for stay.

15. Federal Rule of Appellate Procedure 8(a)(2)(A)(ii) provides that a motion for a stay "may be made to the court of appeals or to one of its judges" in the first instance where applying first to the district court would be impracticable. Fed. R. App. P. 8(a)(2)(A)(i). Because the Order at issue requires NNI to comply with a subpoena in four days, disallows further filings in the District Court, and reflects that the magistrate judge conferred with the district judge before entering the order, Portnoy Decl., Ex. A, it is plain that seeking further relief in the District Court would be impracticable.

16. NNI's already pending emergency motion for review of the denial of its stay motion is far from frivolous. It argues an error of law concerning the standard of review that will apply on appeal. It also argues that the District Court failed to address NNI's arguments going to two of the four factors to be considered in adjudicating stay motions. One such ignored argument is an uncontroverted

evidentiary showing that CalSTRS would not be significantly harmed by a stay. The motion also argues that the District Court abused its discretion in reversing its own well-reasoned prior findings despite no change in factual circumstance or prevailing law. 3d Cir. Dkt. No. 20-3246, ECF No. 5. These findings include that NNI would suffer irreparable harm absent a stay pending appeal. *Id.*

17. And, NNI's motion for emergent review of the denial of its stay motion is well on its way toward resolution. CalSTRS has already filed a letter in opposition to it and has indicated that it intends to make an additional filing opposing it today. *See* 3d Cir. Dkt. No. 20-3426, ECF No. 8. If the District Court's November 19 Order directing compliance with CalSTRS's subpoena in four days is not at least temporarily stayed, both NNI's motion for emergent review of the denial of its stay motion, and the underlying appeal itself, will be mooted.

18. It is for this precise reason that courts throughout the country routinely stay orders at least for the period that motions seeking to stay such orders are pending. *See, e.g., Aleynikov v. The Goldman Sachs Grp., Inc.*, No. 12-5994 (KM-MAH), 2016 WL 6440122, at *4 (D.N.J. Oct. 28, 2016) (noting previous order that "[d]iscovery shall be stayed pending adjudication of any such motion to stay"); *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 765 (E.D. Pa. 2014) (suspending "the deadlines for expert discovery and dispositive motions until after [the court] resolved [the] motion to stay"); *Hayes, M.D. v. Am. Int'l*

9

*Grp.*, No. 09-2874, 2010 WL 11469885, at *1, 4 (E.D. Pa. Apr. 30, 2010) (staying order partially granting motion to strike objections and compel discovery "until the Court decide[d] the plaintiff's pending Motion to Stay"); *General Motors Co. v. Stable Motor Co., Inc.*, No. 4:07-CV-1493, 2008 WL 11369038, at *1 (M.D. Pa. June 18, 2008) (staying depositions pending decision of motion to stay); *Adams v. Kellar*, No. 07-CV-1103, 2008 WL 11492837, at *1 (M.D. Pa. May 5, 2008) (recognizing previous decision, which "stayed discovery pending resolution of the Motion to Stay"); *Marquez v. Hoffman*, No. 18-CV-7215 (ALC), 2019 WL 5940151, at *3 (S.D.N.Y. Oct. 25, 2019) (noting that the judge temporarily stayed discovery pending resolution of motion to stay discovery); *Virtualagity, Inc. v. Salesforce.com, Inc.*, No. 2:13-cv-00011-JRG, 2014 WL 807588, at *1 (E.D. Tex. Feb. 27, 2014) (previously temporarily staying proceedings pending disposition of the defendants' motion to stay); *United States v. Adent*, No. 12-C-1286, 2016 WL 297462, at *1 (E.D. Wisc. Jan. 20, 2016) (staying order of sale pending a ruling on motion to stay); *Cardiaq Valve Technologies, Inc. v. Neovasc Inc.*, No. 14-cv-12405, 2016 WL 8710447, at *3 (D. Mass. Dec. 2, 2016) (granting "motion to stay/preserve the status quo pending resolution of its motion to stay judgment"); *Adams Offshore, Ltd. v. Con-Dive, LLC*, No. 09-0378-WS-B, 2010 WL 3941446, at *1 (S.D. Ala. Sept. 24, 2010) (stating that "vacatur order was temporarily stayed pending resolution of the motion to stay"); *United States v. United Distillers*

*Prods. Corp.*, 64 F. Supp. 978, 979 (D. Conn. 1946) (staying "[a]n order to enforce the summons . . . pending hearing on a motion to stay").

19.     The principle makes particular sense in this context.  Requiring automatic compliance with a district court's order (or permitting the district court to enter orders expediting compliance) *during the pendency of a circuit court's review of an application for stay pending appeal* would make applications for stay pending appeal meaningless.  This despite the fact that the Federal Rules of Appellate Procedure expressly contemplate such applications.  Fed. R. App. 8; L.A.R. 8.1, 8.2.

20.     Consistent with that principle, NNI also asks that this Court enter an order affording NNI ten (10) days from the disposition of this petition, should it be denied, to comply with CalSTRS's Subpoena, so that NNI will be afforded a reasonable time period to commence its production of the more than 100,000 documents called for by the Subpoena.

**WHEREFORE**, petitioner respectfully prays that a Writ of Mandamus be issued by this Court directed to the Honorable Douglas E. Arpert, Magistrate Judge of the United States District Court for the District of New Jersey, directing that his Order of November 19, 2020 (ECF No. 57), be vacated.  In the alternative, NNI requests that this Court stay that Order pending adjudication of NNI's motion for emergent review of the District Court's denial of NNI's motion for stay pending

appeal.  NNI further requests that this Court enter an order allowing NNI ten (10) days from the disposition of this petition, should it be denied, to commence its production of documents.

**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4731
*Attorneys for Petitioner Novo Nordisk, Inc.*

By: /s/ Michael R. Griffinger
    Michael R. Griffinger, Esq.

Dated:  November 20, 2020

## **CERTIFICATE OF COMPLIANCE**

I, Michael R. Griffinger, Esquire, hereby certify that:

(1) this motion contains 2,564 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f), and thus does not exceed the 7,800-word limit imposed by Federal Rule of Appellate Procedure 21(d)(1);

(2) this motion complies with the typeface and style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared using a proportionally spaced typeface, Times New Roman, with 14-point font, using Microsoft Word 2016;

(3) the text of the electronic PDF motion is identical to the text of the paper copies; and

(4) the electronic PDF motion has been prepared on a computer that is automatically protected with a virus detection program, namely a continuously updated version of Sophos Endpoint Security and Control, version 2.3.13.0, and no virus was detected.

/s/ Michael R. Griffinger
Michael R. Griffinger, Esq.

Dated: November 20, 2020

## CERTIFICATE OF BAR MEMBERSHIP

Michael R. Griffinger is a member in good standing of the Bar of United States Court of Appeals for the Third Circuit.

/s/ Michael R. Griffinger
Michael R. Griffinger, Esq.
NJ Attorney ID No. 210321965

Dated:  November 20, 2020