

January 15, 2021

<u>Via: ECF</u>

Hon. Freda L. Wolfson, Chief U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re*:*    ***California State Teachers Retirement System, v. Novo Nordisk, Inc.***
                **Docket No. 3:19-cv-16458 (FLW)(DEA)**

Dear Chief Judge Wolfson:

      As the Court is aware, I represent California State Teachers Retirement System ("Applicant") in connection with the above proceeding.  Please accept this update on the compliance of respondent Novo Nordisk, Inc. ("NNI") to the discovery ordered by the Court.  Late last week NNI produced an electronic link to allow us to download certain electronically stored information evidently culled from the production in the pending shareholder class action against Novo Nordisk A/S.  *In re Novo Nordisk Securities Litig.,* No. 17-209 (D. N.J.) (the "ADR Class Action").  NNI also provided to us a protocol for the exchange of electronically stored information negotiated in the ADR Class Action and confirmed that the production was prepared in accordance with that protocol.  While our discovery vendor had questions regarding certain issues in the preparation of the production, on Wednesday NNI's counsel provided some answers to those questions.  We are still waiting for more information from our vendor, which I hope will be forthcoming.

      Unfortunately, despite our repeated requests, NNI has not produced copies of deposition transcripts and related exhibits from the ADR Class Action that contain responsive information. As best we understand NNI's argument, it believes that a deposition transcript is not a document and, because CalSTRS did not explicitly request deposition transcripts from the ADR Class Action, NNI is not obligated to produce them.  NNI does not take the position that the information contained in the deposition transcripts is not responsive, nor that those transcripts are unavailable to NNI – which is not surprising since NNI's counsel here is also counsel in the ADR Class Action.

      While CalSTRS learned about the numerous depositions in the ADR Class Action that are likely to have highly probative information on the topics set forth in the subpoena only after it commenced this Section 1782 proceeding and therefore did not know to specifically call them out in its proposed subpoena, the definition of "document" in the subpoena certainly encompasses deposition transcripts and associated exhibits that contain responsive information:



Hon. Freda L. Wolfson, Chief U.S.D.J.
January 15, 2021
Page 2

"Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a), and includes Communications as well as "writings" and "recordings" (as defined by Rule 1001 of the Federal Rules of Evidence). A draft or non-identical copy or translation is a separate Document within the meaning of this term.

A courtesy copy of the subpoena follows this letter for the Court's convenience.

NNI also argues that this Court rejected our request for these transcripts when the Court denied our Order to Show Cause to lift the stay pending appeal and compel production. [Docket No. 38]. As the Court may recall, however, the Court denied that Order to Show Cause on the grounds that it was mooted by the Court's Order affirming Magistrate Judge Arpert's two orders allowing CalSTRS' Section 1782 application. [Docket No. 42 n.6]. Accordingly, neither this Court nor Magistrate Judge Arpert has ever ruled that CalSTRS is not entitled to deposition transcripts from the ADR Class Action that contain responsive information.

As always, the Court's time and attention to this matter are greatly appreciated.

Respectfully,

LAW OFFICE OF N. ARI WEISBROT LLC

By: _____
N. Ari Weisbrot

cc:   All Counsel of Record (Via ECF)

Weisbrot Law
1099 Allessandrini Avenue, New Milford, New Jersey 07646
370 Lexington Avenue, Suite 2102, New York, New York 10017
: www.weisbrotlaw.com  : 201.788.6146 : aweisbrot@weisbrotlaw.com :

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| In re: Application of CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM for an Order pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding | ) ) ) ) ) ) Civil Action No. |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Novo Nordisk, Inc.
C/O The Corporation Trust Company 820 Bear Tavern Road, West Trenton, New Jersey 08628

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Fleischman Bonner & Rocco LLP C/O Patrick L. Rocco 447 Springfield Ave., Second Floor, Summit NJ 07901 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* California State Teachers Retirement System , who issues or requests this subpoena, are:

Patrick L. Rocco (procco@fbrllp.com) Susan Davies (sdavies@fbrllp.com) 447 Springfield Ave., Second Floor Summit, New Jersey 908-516-2043

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 3:19-cv-16458-FLW-DEA Document 60 Filed 01/15/21 Page 5 of 14 PageID: 1082
Case 3:19-cv-16458 Document 1-1 Filed 08/07/19 Page 2 of 11 PageID: 5

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DOCUMENTS REQUESTED

Pursuant to Fed. R. Civ. P. 26, 34 & 45, and in accordance with the definitions and instructions set forth below, applicant California State Teachers' Retirement System ("CalSTRS") hereby requests that You produce the following documents in Your possession custody or control in accordance with the requirements of this Subpoena:

1.　All Documents concerning or reflecting all communications between Novo Nordisk, Inc. and Novo Nordisk A/S with respect to sales and revenue targets and/or projections for insulin-based drugs including NovoLog®, Levemir®, and Tresiba® in the United States during the Relevant Time Period, including without limitation all communications and internal documents concerning the impact of rebates or other payments made to pharmacy benefit managers.

2.　All Documents concerning or reflecting all communications between Novo Nordisk, Inc. and Novo Nordisk A/S with respect to prices and/or pricing of insulin-based drugs including NovoLog®, Levemir®, and Tresiba® in the United States during the Relevant Time Period, including without limitation obtaining or maintaining premium pricing for Tresiba® in the United States.

3.　All Documents concerning or reflecting all communications between Novo Nordisk, Inc. and Novo Nordisk A/S with respect to actual sales of insulin-based drugs, including NovoLog®, Levemir®, and Tresiba®, in the United States during the Relevant Time Period.

4.　All Documents concerning or reflecting all communications between Novo Nordisk, Inc. and Novo Nordisk A/S with respect to the impact of payments to pharmacy

1

benefits managers on the prices in the United States for insulin-based drugs including NovoLog®, Levemir®, and Tresiba® during the Relevant Time Period.

5. All Documents concerning or reflecting all communications between Novo Nordisk, Inc. and Novo Nordisk A/S about the efficacy, safety, and/or quality of insulin-based drugs including NovoLog®, Levemir®, and Tresiba® during the Relevant Time Period, including in comparison to Competitors' insulin-based drugs, and including all reports, analyses, recommendations, projections and/or estimates.

6. All Documents concerning or reflecting communications between Novo Nordisk, Inc. and Novo Nordisk A/S in preparation of financial analyses and/or projections for any public statements made by Novo Nordisk A/S during the Relevant Time Period including, without limitation annual reports, quarterly earnings reports, earnings calls, analyst calls, special calls, shareholder calls and analyst/investor days.

## DEFINITIONS AND INSTRUCTIONS

1. The meaning of all non-defined terms shall be in accordance with their ordinary and accepted usage.

2. "Relevant Time Period" means the period from February 3, 2015 through March 1, 2017, and shall include documents and information that refer or relate to such period, even though prepared or published outside of the Relevant Period.

3. "Communication" means any oral, electronic or written transmission of information between persons, including but not limited to meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, facsimiles, conferences, e-mails or seminars.

4. "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a), and includes Communications as well as "writings" and "recordings" (as defined by Rule 1001 of the Federal Rules of Evidence). A draft or non-identical copy or translation is a separate Document within the meaning of this term.

5. "Concerning" means relating to, referring to, describing, evidencing or constituting.

6. "Electronically stored information" or "ESI" means information that is stored electronically, regardless of the media or whether it is in the original format in which it was created, and shall be construed consistent with its usage in Rule 34 of the Federal Rules of Civil Procedure and the Committee Notes thereto.

7. "You," "Your" and "Novo Nordisk, Inc." means Novo Nordisk, Inc., a Delaware corporation with headquarters in Plainsboro, New Jersey, and its officers, directors, agents, representatives, employees, predecessors, and assigns.

8. "Novo Nordisk A/S" means Novo Nordisk A/S and its officers, directors, agents, representatives, employees, predecessors, and assigns.

9. The words "and" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the document request all documents that might otherwise be construed to be outside its scope.

10. "Date" and "when" mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof.

11. If an objection is made to any request contained herein, for each item or category objected to:

    (a) State the specific ground for each objection;

3

(b) Identify each such document by giving its date, the name of each author (and each addresser, if different), the name of each addressee (and each recipient, if different) and by giving any other information necessary to identify such document or part thereof; and

(c) Provide a description of the subject matter of each document or item.

12. This subpoena is continuing, and to the extent that You subsequently acquire documents that would supplement Your responses to this request, CalSTRS requests that You timely serve supplemental responses pertaining to this request and produce such documents.

13. If any information called for by any request is withheld under any claim of privilege:

(a) State the subject matter of the information;

(b) State the basis for the claim of privilege;

(c) State the part of the request to which the information is responsive; and

(d) Identify each person to whom the information has been disclosed orally or in writing and the circumstances of such disclosure.

14. In responding to these requests, you shall produce all responsive documents which are in your possession, custody or control, or in the possession, custody or control of your directors, executives, officers, partners, managing agents, agents, employees, attorneys, accountants or any other representatives. A document shall be deemed to be within your control if you have the practical ability or legal right to secure the document or a copy of the document from another person having possession or custody of the document.

15. In responding to these requests, you shall produce documents concerning the Relevant Time Period irrespective of the date when those documents were created, sent, received or published.

16. Pursuant to the Federal Rules of Civil Procedure, you are to produce for

4

inspection and copying by Plaintiffs original documents as they are kept in the usual course of business.

17. In responding to these requests, you shall produce all responsive documents available at the time of production and you shall supplement your responses as required by Fed. R. Civ. P. 26(e).

18. If any responsive document was, but no longer is, in your possession or subject to your control, state whether the document is: (a) missing or lost; (b) destroyed; (c) transferred or delivered voluntarily or involuntarily to others, along with the name or address of such person or entity, and at whose request such transfer or delivery was made; or (d) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

**PRODUCTION OF HARD COPY DOCUMENTS – FORMAT**

19. Hard copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (*i.e.*, .dat). The database load file should contain the following fields: "BEGNO," "ENDNO," "PAGES," "VOLUME" and "CUSTODIAN." The documents should be logically unitized (*i.e.*, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business. If an original document contains color to understand the meaning or content of the document, the document shall be produced as single-page, 300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image. Multi-page OCR text for each document should also be provided. The OCR software shall maximize text quality over process speed. Settings such as "auto-skewing" and "auto-rotation" should be

5

turned on during the OCR process.

**PRODUCTION OF ESI**

20. *Format*: Electronically stored information ("ESI") should be produced in single-page, black and white, TIFF Group IV, 300 DPI TIFF images with the exception of spreadsheet type files, source code, audio and video files, which should be produced in native format. TIFFs should show any and all text and images which would be visible to the reader using the native software that created the document. For example, TIFFs of e-mail messages should include the BCC line. PowerPoint documents shall be processed with hidden slides and all speaker notes unhidden, and shall be processed to show both the slide and the speaker's notes on the TIFF image. If an original document contains color, the document should be produced as single-page, 300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image. Parties are under no obligation to enhance an image beyond how it was kept in the usual course of business.

21. *Format – Native Files*: If a document is produced in native, a single- page Bates stamped image slip sheet stating the document has been produced in native format should also be provided. Each native file should be named according to the Bates number it has been assigned, and should be linked directly to its corresponding record in the load file using the NATIVELINK field. To the extent that either party believes that specific documents or classes of documents, not already identified within this protocol, should be produced in native format, the parties should meet and confer in good faith.

22. *De-Duplication*: Each party shall remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level. Attachments should not be eliminated as duplicates for purposes of production, unless the parent e-mail and all attachments are also duplicates. An e-mail that includes content in the BCC or other blind copy field shall not be

treated as a duplicate of an e-mail that does not include content in the content in those fields, even if all remaining content in the e- mail is identical. Removal of near-duplicate documents and e-mail thread suppression is not acceptable. De-duplication should be done across the entire collection (global de-duplication) and the CUSTODIAN field should list each custodian, separated by a semi-colon, who was a source of that document. Should the CUSTODIAN metadata field produced become outdated due to rolling productions, an overlay file providing all the custodians for the affected documents should be produced prior to substantial completion of the document production.

23. **Technology Assisted Review**: Predictive coding/technology-assisted- review shall not be used for the purpose of culling the documents to be reviewed or produced without notifying the requesting party prior to use and with ample time to meet and confer in good faith regarding a mutually agreeable protocol for the use of such technologies.

24. **Metadata**: All ESI shall be produced with a delimited, database load file that contains the metadata fields listed in Table 1, attached hereto. The metadata produced should have the correct encoding to enable preservation of the documents' original language.

25. **Embedded Objects**: The parties should meet and confer over the inclusion or exclusion of embedded files from the production.

26. **Compressed Files Types**: Compressed file types (*i.e.*, .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

27. **Structured Data**: To the extent a response to discovery requires production of electronic information stored in a database, the parties should discuss methods of production best providing all relevant information, including, but not limited to, duplication of databases or limited access for the purpose of generating reports. Parties shall consider whether all relevant

7

information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file. A document reference sheet shall be provided to describe the purpose of the database and meaning of all tables and column headers produced.

28. ***Exception Report***: The producing party shall compile an exception report enumerating any unprocessed or unprocessable documents, their file type and the file location.

29. ***Encryption***: To maximize the security of information in transit, any media on which documents are produced may be encrypted. In such cases, the producing party shall transmit the encryption key or password to the receiving party, under separate cover, contemporaneously with sending the encrypted media.

30. ***Redactions***: If documents that the parties have agreed to produce in native format need to be redacted, the parties should meet and confer regarding how to implement redactions while ensuring that proper formatting and usability are maintained.