UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE: APPLICATION OF CALIFORNIA STATE TEACHER'S RETIREMENT SYSTEM FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING | Civil Action No. 19-16458 (FLW)(DEA)<br>**ORDER** |

This matter comes before the Court on an informal application by California State Teachers Retirement System ("CalSTRS") for an Order compelling Novo Nordisk, Inc. ("Novo US") to produce copies of deposition transcripts and related exhibits from the pending shareholder class action against Novo Nordisk A/S ("Novo A/S"), *In re Novo Nordisk Securities Litig*., No. 17-209 (D.N.J) (the "ADR Class Action"). *See* ECF No. 60. Novo US opposes this application. ECF No. 61. For the reasons set forth below, this application [ECF No. 60] is **DENIED**.

CalSTRS states that the deposition transcripts have been requested and are responsive to CalSTRS's Subpoena. ECF No. 60 at 7-8. Additionally, CalSTRS argues that the deposition transcripts fall under the Subpoena's definition of "Documents." *Id*. However, as an initial matter, CalSTRS's Subpoena does not specifically include a request for deposition transcripts from the ADR Class action ECF NO.1-1. The subpoena requests various categories of communications between Novo US and Novo A/S. *Id.* CalSTRS cannot compel the production of discovery by relying on the definition of "Documents" without specifically asking for the deposition transcripts themselves. *See Eisai Inc. v. Sanofi-Aventis* U.S., LLC, No. 08-4168 (MLC), 2011 WL 5416334, at *8-9 (D.N.J. Nov. 7, 2011) (denying request for cloned discovery because such discovery was

1

irrelevant, unlikely to lead to the discovery of admissible evidence, and unduly burdensome); *see also Racing Optics v. Aevoe Corp.*, No. 2:15-cv-1774-RCJ-VCF, 2016 WL 4059358, at *1 (D. Nev. July 28, 2016) ("'Piggyback' discovery requests are prohibited. [Plaintiff] 'must specifically ask for the documents he wants and be able to demonstrate that the information he seeks is relevant to his claims in this case.'" (citation omitted)); *Midwest Gas Servs., Inc. v. Ind. Gas Co.*, No. IP99-0690-C-Y/G, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000) (denying motion to compel cloned discovery and noting that "plaintiffs' counsel must do their own work and request the information they seek directly").

Further, even if CalSTRS's Subpoena had specifically requested the deposition transcripts and directed the request to Novo US, CalSTRS would not be entitled to obtain this discovery from Novo US. Novo US is not a party to the ADR Class Action. Additionally, the documents sought are protected from disclosure by a discovery confidentiality order entered in the ADR Class action. ECF 4 at 19. Thus, the documents CalSTRS demands are not properly within the scope of the Subpoena obtained through this action and an Order in this action could not bind the party that would have authority to produce the requested materials. *See Maniscalco v. Brother Int'l Corp. (USA)*, Nos. 3:06-CV-04907(FLW), 3:07-CV-01905(FLW), 2010 WL 762194, at *3 (D.N.J. Mar. 5, 2010) ("Plaintiffs [] failed to satisfy their burden of proving that [the defendant] had control over documents which were in the physical possession of its Japanese corporate parent"); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 233 F.R.D. 143, 145-46 (D. Del. 2005) (holding that a non-party domestic subsidiary corporation was not obligated to obtain documents from its foreign parent corporation in response to a subpoena served on the non-party subsidiary).

In sum, CalSTRS did not request the deposition transcripts it now seeks, and even if it had, it would not be entitled to obtain the deposition transcripts from Novo US. Accordingly,

**IT IS** on this 26th day of January 2021,

**ORDERED** that CalSTRS's informal application to compel [ECF No. 60] is **DENIED**.

*s/ Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**